Schleifer *v.* Zoning Board of Adjustment (et al., Appellant).

Argued April 22, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeals, Nos. 264 and 283,  reargument refused July 13, 1953.

*G. Coe Farrier,* for appellants.

*Robert L. Trescher,* with him *C. Brewster Rhoads* and *Montgomery, McCracken, Walker & Rhoads,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, June 26, 1953:

The Zoning Board of Adjustment of the City of Philadelphia granted a certificate of variance to Isadore Granoff to operate a music school at 2118 Spruce Street in the City of Philadelphia. The plaintiffs took an appeal to the common pleas court and both Granoff and Kaplan have intervened. In the petition for appeal there was no allegation of nuisance or other equitable ground for relief. The subject of this matter obviously was whether the Zoning Board of Adjustment abused its discretion in granting the certificate of variance.

At the hearing evidence was developed in regard to a nuisance, and the hearing judge suggested that the building be soundproofed to the satisfaction of the judge.

After testimony was taken on the appeal from the zoning order it was agreed between the parties "that the Court shall determine both the zoning and equitable issues [the nuisance portion of the case] arising between the parties in interest in this case, and dispose of this matter as though it were a consolidation of the zoning appeal and a bill in equity to abate a nuisance." In March, 1947, the zoning appeal was dismissed, to be effective after soundproofing "to such a degree that it shall not constitute a nuisance to the adjoining properties." Granoff thereafter expended some $40,000 in altering the building under the supervision of the hearing judge. This should have ended the controversy.

No bill in equity was ever filed. After the work of soundproofing was completed the judge and his officers visited the premises, and on February 27, 1948, entered a decree dismissing the non-existing complaint in equity.

More than a year later another judge opened the order on behalf of Solomon Kaplan, who was allowed to intervene, and a further hearing was held. This resulted in a decree requiring Granoff to make certain other extensive alterations in his building, with an order that the court shall retain jurisdiction, and with leave to the parties to request a further consideration of the adequacy of the soundproofing. Appropriate exceptions were filed, and upon being overruled Granoff appealed to this Court.

However praiseworthy the effort of the court below to seek to shortcut these proceedings by combining an equity cause of action with an appeal from a zoning ordinance, such procedure cannot be sustained.

Appellee seeks to sustain the action of the court below under Equity Rules 31 and 32,[1] which provide: Rule 31.

---

[1] Now superseded by Rules 1501-1550 of the Rules of Civil Procedure governing actions in equity.

"If the proceedings are begun by an amicable action, . . . the bill in equity must be filed within ten days thereafter, unless the parties agree to a case stated." The purpose of a case stated is to avoid the taking of testimony, and leaves no room for the court to find the facts which are within the case stated,—which was in fact never filed. Rule 32. "At any stage of a suit in equity, the parties may agree upon a case stated. . ." This rule is premised upon there being *an existing suit in equity*. Since no complaint in equity was filed, and since Equity Rules 31 and 32 do not confer jurisdiction upon the court below, it is obvious that the proceedings must be reversed. In doing so we consider the some $40,000 already spent by the plaintiff in altering his building to have been done on the basis of a settlement and not under any decree of court.

The appellees also raise the question of estoppel. It must be recognized that jurisdiction of the subject matter cannot be conferred upon a court by agreement,— contra as to jurisdiction of the person: *Oteri Appeal*, 372 Pa. 557, 94 A. 2d 772; *Bluestone v. DeRoy*, 298 Pa. 267, 271, 148 A. 110; *Wolfe v. Lewisburg Trust & Safe Deposit Co.*, 305 Pa. 583, 588, 158 A. 567; *Thompson v. Parke*, 131 Pa. Superior Ct. 81, 83, 84, 198 A. 819. It therefore follows that jurisdiction of the subject matter cannot be acquired by estoppel: *Bluestone v. DeRoy*, supra; *Wettengel v. Robinson*, 288 Pa. 362, 368, 136 A. 673.

Appeal No. 264 January Term, 1952, is from the order of the court below refusing plaintiff's motion for judgment on the ground that the court had no jurisdiction in equity. This is merged into the main question disposed of in this appeal.

The orders and decrees are reversed, each party to pay his own costs.