## Petriccione v. Civil Service Commission of Philadelphia County et al.

Meehan, O'Brien & Richette, for plaintiff.

Richard H. Markowitz, for defendants.

ALESSANDRONI, J., July 30, 1954.—Prior to July 28, 1952, petitioner was an employe of the Registration Commission of Philadelphia County. On that

date he was dismissed from his employment without the assignment of any cause. On August 29, 1952, petitioner appealed to the civil service commission. The commission dismissed the appeal for lack of timeliness. Petitioner's writ of certiorari has brought the record before us for review.

The facts are undisputed. Prior to the various enactments which reshaped the municipal government of Philadelphia, including the constitutional amendment, statutes of the General Assembly and the Home Rule Charter, employes of the registration commission were employed at will. Such employes were not entitled to the protection of tenure, etc., provided by civil service. The constitutional amendment consolidating the city-county government of Philadelphia was adopted at the general election held on November 6, 1951. Much litigation has developed over the construction of the amendment and the various provisions of the charter.

At the time of Petriccione's dismissal, our Court of Common Pleas No. 3, in Meade et al. v. Clark, Jr., Mayor, et al., 87 D. & C. 314, construed the constitutional amendment to mean that the registration commission was without the purview of the provisions of the charter, particularly the civil service provision. However, in 1953 this decision was reversed in Lennox v. Clark, 372 Pa. 355. The order of the Supreme Court specifically stated that section A-104 applied to the registration commission. Under well-settled principles that the court of last resort does not make law, but merely declares what it is or has been, the registration commission was bound by the city charter as of its effective date, January 7, 1952: Ogden v. Blackledge, 2 Cranch 272.

It logically follows, therefore, that all employes of the registration commission were governed by the provisions of the charter as of January 7, 1952. Sec-

tion A-104 of the charter is determinative of their status. Those employes of the city who were appointed after test and certification retained their tenure. Those who were not so appointed, such as petitioner, were to be given a qualifying examination. Their tenure was protected until such time as the examination was forthcoming. The charter conferred a special temporary protection on such employes who had heretofore lacked any security of tenure.

Up to this point, the case is on all fours with Carrow v. Philadelphia, 371 Pa. 255. That case ordered the reinstatement of an employe of the sheriff's office who was admittedly discharged without legal cause. The case held that employes of county offices, i.e., the sheriff, registration commission, etc., were entitled to the limited tenure provision of section A-104. The only factual difference is that in this case petitioner appealed to the civil service commission, whereas in the Carrow case the appeal was direct to the court.

Because of the confused state of the law in 1952, a confusion more apparent than real, petitioner filed an appeal from his dismissal. The charter, section 7-201, and the civil service regulations prescribe a 30-day period for appeals. The commission dismissed petitioner's appeal for lack of timeliness; he filed his appeal 31 days after his dismissal. The inference being that if it had been filed within the 30-day period, the commission could have acted on the merits. The commission's decision specifically holds that it had jurisdiction.

We do not think that the commission had any jurisdiction in the premises. The civil service commission administers the civil service system. By definition petitioner was not a civil service employe, i.e., appointed after test and certification. Section A-104 did not make petitioner a civil service employe, nor can it be construed to confer such status. Its plain purpose

was to extend to him the opportunity to achieve such status; it enabled him to take a qualifying, and not a competitive, examination. To achieve civil service status, petitioner merely had to obtain a passing grade in the qualifying examination.

The civil service commission has only that jurisdiction granted by the charter. The mere fact that all parties proceeded on the assumption that there was jurisdiction does not alter the legal effect. Jurisdiction cannot be conferred by agreement of the parties: Schleifer v. Zoning Board of Adjustment et al., 374 Pa. 277. The civil service regulations applied in no greater degree to petitioner than to any other appointed official or office holder whose position was exempt from civil service.

As a matter of law the very section of the city charter cited in support of the commission's decision, by its plain and unequivocal language, does not apply to petitioner. Section 7-201 provides, inter alia:

"Any employee who is dismissed . . . after completing his probationary period of service, . . . may, within thirty days after such dismissal . . . appeal to the Commission for review thereof."

Since petitioner never served a probationary period, he never achieved a permanent status. Petitioner's rights, if he has any, must be based on section A-104.

For the above reasons we held that the action of the civil service commission was without basis in law and was therefore a nullity. Since the action of the commission was without basis in law, there is nothing before us.

The appeal should be dismissed, without prejudice to petitioner to proceed according to law.

### Order

And now, to wit, July 30, 1954, petitioner's appeal is dismissed without prejudice.

Each party to pay its own costs.