## Commonwealth ex rel. Slossberg *v.* Slossberg, Appellant.

Argued June 13, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James L. Jubelirer*, with him *Jubelirer & Carothers*, for appellant.

*Harold E. Miller*, for appellee.

OPINION BY HOFFMAN, J., September 15, 1966:

On July 20, 1961, Joel and Helene Slossberg, husband and wife, entered into a support and maintenance agreement. The agreement was in the form of

an order and decree to be entered in the Court of Quarter Sessions of Blair County. The husband was represented by attorney Samuel H. Jubelirer (now a judge of the Court of Common Pleas of Blair County), and the wife was represented by attorney Abraham Colbus. Subsequent to the signing of the agreement, the wife obtained a final decree in divorce in Blair County. Shortly thereafter, she moved to Florida, and her husband moved to New Jersey.

The husband, in compliance with the terms of the agreement, made payments to the wife for approximately four years. He discontinued these payments, however, when a dispute arose concerning his visitation rights with their children.

The wife immediately contacted attorney Colbus who, for the first time, discovered that the agreement was still in Judge JUBELIRER's former law offices and had never been entered of record. Attorney Colbus conferred with Judge JUBELIRER who voiced no objection to the filing of the order. Consequently, on August 18, 1965, the agreement was filed in the Court of Quarter Sessions of Blair County after being signed by a judge of that court.

The husband, through his new counsel, then filed a petition to strike off the order and decree alleging that: "The Court does not have jurisdiction of the parties in that Plaintiff is a resident of the State of Florida and Defendant is a resident of the State of New Jersey." The court below dismissed the husband's petition, and this appeal followed.

It is well settled that a court's jurisdiction over the person may be conferred by consent or agreement. *Schleifer v. Zoning Board of Adjustment*, 374 Pa. 277, 97 A. 2d 782 (1953). The parties in this case manifested a clear intent to submit to the jurisdiction of the Court of Quarter Sessions of Blair County. Both signed their approval to an order and decree to be

filed in that court. Both were residents of said county when the agreement was signed. Their signatures of consent were witnessed by their attorneys. Moreover, the agreement did not impose any time limit for its entry of record, nor did it condition such entry upon the continued residence of the parties in Pennsylvania. Finally, the husband clearly demonstrated that he felt bound by this agreement, for he dutifully complied with its terms for four years.

On the basis of this record we find that it was the intent of the parties that the order and decree be filed in the Court of Quarter Sessions of Blair County, and that they be subject to the jurisdiction of that court. The husband complied with the order for four years. The order was filed pursuant to their agreement. Consequently, the husband cannot now object to the assumption of jurisdiction by the courts of Blair County.[1]

---

[1] The husband contends that it was not the intent of the parties that the agreement be filed of record, but that it be held in escrow. This contention is refuted by the answers in the depositions of both attorney Colbus and Judge JUBELIRER.

Attorney Colbus was asked:

"Q. Do you recall whether or not from the discussion between yourself and Judge JUBELIRER as well as with the parties, was it the intention that when these conditions were met that this should be entered of record?

"A. Yes.

"Q. And I show you Exhibit No. 3, and did you accordingly so advise that the agreement had been placed of record as by letter dated December 8, 1961?

"A. Yes."

Judge JUBELIRER was asked:

"Q. Judge JUBELIRER, let me ask you this question, from the best of your recollection from the discussion held in your office with Attorney Colbus representing Mrs. Slossberg and yourself representing Joel Slossberg, from the discussions and the work you did in this matter, was it your understanding that upon satisfaction of these conditions this agreement was to be placed of record here in Blair County?

"A. I believe that's correct."

The fact that neither party resided in Pennsylvania when the order was actually entered does not, as the husband contends, alter this result or affect the court's power to enter the order. In numerous cases we have held that jurisdiction in support cases may be asserted without regard to the residence of either or both parties. The only jurisdictional requirement is that the husband be within the limits of this Commonwealth. *Commonwealth v. Peters,* 178 Pa. Superior Ct. 82, 113 A. 2d 327 (1955); *Commonwealth ex rel. Bucciarelli v. Bucciarelli,* 162 Pa. Superior Ct. 582, 60 A. 2d 554 (1948); *Commonwealth ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535 (1942); *Commonwealth v. Husinka,* 127 Pa. Superior Ct. 360, 193 A. 380 (1937); *Commonwealth ex rel. Shetzline v. Shetzline,* 84 Pa. Superior Ct. 100 (1924). Act of June 24, 1939, P. L. 872, §733, as amended, 18 P.S. §4733.

The husband does not deny that he has been and continues to be within the limits of the Commonwealth. Indeed, evidence which appears of record indicates that a branch of appellant's business is located in Pennsylvania, and that he maintains an apartment in this Commonwealth. Under these circumstances the court could properly exercise jurisdiction in this case.

We conclude, therefore, that the court below did not err in allowing the support order and decree to be filed on August 18, 1965.

The support order, however, must be amended in one significant respect. The court's order, which was entered on August 18, 1965, directs the husband to pay $175 bi-weekly as of August 1, 1961. Support orders under §733 of The Penal Code may not be made retroactive and are effective only from the date of entry. *Commonwealth ex rel. Decker v. Decker,* 204 Pa. Superior Ct. 156, 203 A. 2d 343 (1964); *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa. Superior Ct. 401, 189

A. 2d 324 (1963).[2]  Even though the parties originally agreed to the entry of the order as of August 1, 1961, the court cannot now enter an order which would be retroactive to that date and thus subject the husband to criminal sanctions for wrongs occurring prior to its actual date of entry.  The order should be made effective only from the date of its entry and must, therefore, be modified accordingly.

The order of the lower court entered on March 23, 1966 dismissing defendant's Rule to Strike Off is affirmed.  The record is remanded to the lower court, however, with directions to modify the order entered on the 18th day of August 1965 at No. 110 October Sessions 1965 in accordance with the instructions set forth hereinabove.

---

[2] This differs somewhat from §7 of The Pennsylvania Civil Procedural Support Law, 62 P.S. §2043.37, which allows an order of support to become effective from the date of the filing of the complaint.