418 A.2d 506

COMMONWEALTH of Pennsylvania ex rel. Charlene
R. WHEELER

v.

John R. WHEELER, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed Jan. 18, 1980.

Robert B. Lieberman, Harrisburg, for appellant.

Richard W. Cleckner, Harrisburg, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

The facts in this case, which are not in dispute, are as follows: Appellant and appellee were husband and wife and were divorced in April of 1960. The parties to this action had a son, Mark Rutherford Wheeler, who was born on June 16, 1959. From about 1961 through 1974 appellant contributed the sum of $65.00 monthly for the support of his child. In December, 1974, appellee filed a petition for support in Dauphin County under the Uniform Reciprocal Enforcement of Support Act (1968), (62 P.S. § 2043.1 et seq., as amended.) At that time appellant was a Lieutenant Commander in the United States Navy and was serving on a United States warship. His address was New York City, New York. The appellant was not given notice of the petition for support, and he did not attend the support hearing which was held on December 19, 1974. At the hearing of December 19, 1974, Judge Wickersham entered a support order in the amount of $30.00 per week for the support of appellant's son. A certified copy of the support order together with the notes

of testimony were sent to the appellant and his commanding officer on the USS Independent, the ship on which appellant was serving at the time. At the hearing, Judge Wickersham stated:

"We will request the voluntary cooperation of Commander Wheeler and his commanding officer in complying with this order of court. If such cooperation is not forthcoming, then of course we will take all other appropriate steps available to us to enforce the order through the various channels available to us.

"If Commander Wheeler should determine that this order is excessive in view of his earnings or for any other reason desires to be heard by the court, he may notify the court and we will grant him an immediate hearing in this courtroom."

Appellant did not request a hearing before the court or in any way object to the entry of the order of December 19, 1974. Commencing on February 5, 1975, and continuing until June, 1977, appellant made monthly payments through the court of Dauphin County.

In March, 1977, appellee filed a second petition for support with the Court of Common Pleas of Dauphin County. On March 30, 1977, Judge Morgan of Dauphin County signed an order determining that the Court of Virginia Beach, Virginia, had jurisdiction over appellant and directed that a copy of the petition and order be forwarded to the appropriate court in Virginia Beach, Virginia, under the Uniform Reciprocal Enforcement of Support Act, supra. On April 26, 1977, the Juvenile and Domestic Relations District Court of the City of Virginia Beach, Virginia, ordered the appellant to make payments on account of child support based upon the Dauphin County order of December 19, 1974. Appellant continued to make monthly payments to the Domestic Relations Office in Dauphin County.

On August 18, 1977, the Juvenile and Domestic Relations District Court of Virginia Beach, Virginia, relieved appellant of his responsibility for child support because his son had obtained the age of majority. Appellee appealed to the

Circuit Court of the City of Virginia Beach which dismissed the order of April 26, as being satisfied.

On January 17, 1978, appellee filed a petition to increase the support order to provide college education for her son under the same court, term and number as the original petition for support. Appellant filed Preliminary Objections in the nature of a petition to dismiss for lack of jurisdiction, which were dismissed by order of Shughart, J. specially presiding. It is from this interlocutory order that appellant has filed an appeal to this court.

■ The first issue to be decided by this Court is whether the Court of Common Pleas of Dauphin County has acquired jurisdiction over appellant. Jurisdiction over the person may be obtained through the consent or waiver of a party. *Slezynger v. Bischak*, 224 Pa.Super. 552, 553, 307 A.2d 405, 406 (1973). When the order of December 19, 1974, was entered the appellant was not subject to the jurisdiction of the court as he had not been served with notice of the proceedings and did not appear in person or by counsel. However, at the hearing of December 19, 1974, the court stated "we will request the voluntary cooperation of Commander Wheeler . . . in complying with this order of court. . . . If Commander Wheeler should determine that this order is excessive in view of his earnings or for any other reason desires to be heard by the court, he may notify the court and we will grant him an immediate hearing in this courtroom". It is stipulated by appellant that he received a copy of the notes of testimony, including the above, as well as a certified copy of the court's order of December 19, 1974, ordering payment of support. The appellant did not complain that the order was excessive or that the court lacked jurisdiction over him and on the contrary in February, 1975, commenced payment of support for his son through the Dauphin County Court and continued payments until June 1977.

When appellee brought a continuation action in March, 1977, in Dauphin County the action was transferred to the appropriate court of Virginia as appellant had been transfer-

red to Virginia by that time. The Virginia court directed support in accordance with the order of the Dauphin County Court and the appellant raised no objection that Dauphin County had no jurisdiction over him.

The order of the Circuit Court of the City of Virginia Beach which affirmed the order of the Juvenile and Domestic Relations District Court of Virginia Beach relieving appellant of his duty of child support as his son was over 18 years of age, stated: "it appearing to the court that in a proceeding under the Uniform Nonsupport Act and *based upon an existing order of a Pennsylvania court,* the Juvenile and Domestic Relations District Court of the City of Virginia Beach, Virginia did on April 26, 1977, order the defendant to make certain payments on account of child support." (Emphasis added)

We find that appellant consented to the order of December 19, 1974, and to the jurisdiction of the Court of Common Pleas of Dauphin County which entered the order. He was advised of the order of December 19, 1974, and of his opportunity to be heard for any reason concerning the order. He clearly manifested his consent to the jurisdiction of the court by his voluntary compliance with the court's order for a period in excess of two years. It is well settled that a court's jurisdiction over the person may be conferred by consent or agreement. *Schleifer v. Zoning Board of Adjustment,* 374 Pa. 277, 280, 97 A.2d 782, 784 (1953). The record in this case clearly indicates a willingness by the appellant to submit to the court's jurisdiction over him.

Appellant argues that he could not consent to the jurisdiction of the court by complying with the order of December 19, 1974, as the order was void *ab initio.* The proper time for making this argument was prior to compliance with the order and voluntary submission to the jurisdiction of the court. In *Com. ex. rel Slossberg v. Slossberg,* 208 Pa.Super. 419, 222 A.2d 490 (1966), the parties entered into a support agreement in 1961 in the form of an order and decree to be entered by the court. Although the order was not entered by the court the husband made payment to the wife in compliance with the terms of the agreement for approxi-

mately 4 years. In 1965 when the husband was a resident of Florida the order was entered in the Court of Quarter Sessions of Blair County. The husband filed a petition to strike the order on the grounds that the court did not have jurisdiction over the parties and the Superior Court held that the court below properly dismissed the petition. The court held in the *Slossberg* case that the parties had sufficiently manifested their intent to submit to the jurisdiction of the Court of Common Pleas.

Having determined that the Court of Common Pleas of Dauphin County acquired jurisdiction over the appellant by his compliance with the order of December 19, 1974, we also must decide if the jurisdiction continued so that the court below properly denied appellant's preliminary objections by its order of December 14, 1978. Once the court obtains jurisdiction in a support matter it continues notwithstanding a change of residence by the defendant. *Com. ex rel. Davidow v. Davidow*, 223 Pa.Super 99, 103, 296 A.2d 862, 863 (1972); *Com. ex rel. Fiebig v. Fiebig*, 258 Pa.Super. 300, 304, 392 A.2d 804, 805 (1978). Accordingly, the appellee's petition to increase support for her son is properly before the court below.

Order affirmed.

SPAETH, J., concurs in result only.