439 A.2d 827

**COMMONWEALTH of Pennsylvania,**

v.

**James PAPARIELLA, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed Jan. 8, 1982.

H. David Rothman, Pittsburgh, for appellant.

John L. Brown, Jr., Assistant District Attorney, Beaver, for Commonwealth, appellee.

Before PRICE, MONTEMURO and DiSALLE, JJ.

PER CURIAM:

On December 10, 1970, a jury found appellant, James Papariella, guilty of adultery and bastardy. On March 31, 1971, he was sentenced to pay the costs of prosecution, the lying-in-expenses, and child support in the sum of $10.00 per week; said payments to be made through the adult proba-

tion office.[1]  In a modification agreement entered into by appellant on October 31, 1973, and adopted by the court below on December 19, 1973, appellant agreed to an increase of child support in the sum of $80.00 per month; said payments to be made through the Collections Department, Domestic Relations Division of Butler County.

In early March of 1980, appellant filed a Petition for Relief under the Post Conviction Hearing Act[2] (P.C.H.A.), alleging that he received ineffective assistance of counsel at his 1970 trial.  The lower court denied the petition on the sole ground that appellant was not eligible for relief under the P.C.H.A. because the petition did not aver that appellant was under a sentence of imprisonment, on parole, or on probation.  The court noted that it would serve no purpose to permit appellant to amend his petition because, according to the court, the record clearly established that appellant was not on probation or parole when the petition was filed.

The P.C.H.A. provides in pertinent part:

§ 1180–3  Eligibility for relief  To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under Section 5 and must prove the following:

*    *    *    *    *    *

(b) That he is incarcerated in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or parole or probation.

The lower court's order must be reversed.  Contrary to the lower court's finding, at the time the Petition was filed

1.  Appellant's sentence reads as follows: "AND NOW, March 31, .1971 defendant is sentenced to pay costs of prosecution, pay MAXINE ANDERSON the sum of $136.37 lying-in-expenses and hospital and doctor bills to date and pay mother of child $520 for maintenance and the sum of $10.00 per week hereafter and enter own bond in the sum of $1.00 to comply as the law directs and stands committed until sentence is complied with.  Payments to be made through Probation Office.  If the child should die, deft. to pay reasonable funeral expenses."

2.  The Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., as amended by the Act of June 26, 1980, P.L. 265, No. 77, § 2, 19 P.S. § 1180–1 et seq. (Supp.1981–82).

appellant was on probation. Although not stated in so many words, clearly the import of the original sentence was to place appellant under the continuing jurisdiction of the court (in effect, on "probation") so long as support payments remained due and owing. *See* 42 Pa.C.S.A. §§ 6708, 6710 [3]. *Com. ex rel. Wheeler v. Wheeler*, 274 Pa.Super. 478, 418 A.2d 506 (1980). In fact, the court's order of December 19, 1973, continued his bond. The 1973 modification agreement only altered the amount and method of appellant's payment of child support; his probation was not affected by the agreement. Under the circumstances, then, we are of the opinion that appellant has satisfied the requirements of the Post Conviction Hearing Act and is therefore entitled to a hearing on his petition.

Order reversed and matter remanded.

MONTEMURO, J., files a dissenting opinion.

Decision was rendered prior to DiSALLE, J., leaving the bench of the Superior Court.

MONTEMURO, Judge, dissenting:

I dissent from the holding of the majority opinion.

This case presents an interesting issue for our review. The appellant was sentenced under 18 P.C. § 4506, on charges of Adultery and Bastardy [1] and was ordered to support the child born on March 20, 1970, in the amount of

---

**3.** Section 6710 provides, inter alia:

The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to commence additional proceedings for support in any county wherein the defendant resides or where his property is situated.

**1.** Appellant was originally charged with both Adultery and Adultery and Bastardy. However, evidence was presented that the acts of adultery took place in a county other than the county in which the trial took place, and, therefore, the forum lacked jurisdiction on that issue. The substitution of "Adultery and Bastardy" for "Fornication and Bastardy" simply implies that putative father was a married man rather than a single man at the time of the act which resulted in the birth of a child. See former statute 18 P.S. 4505.

$10.00 per week. In December of 1973, the court below adopted an agreed upon modification of the original order, calling for payments of $80.00 per month.

In early March of 1980, appellant filed his Petition for Relief Under the Post-Conviction Hearing Act, alleging ineffective assistance of counsel at the 1970 trial.

The lower court denied the petition on the grounds that appellant was not on "probation or parole" when the petition was filed. I agree with the lower court, and I dissent from the majority opinion in this matter.

The precise nature of support hearings is conceded to be a confusing blend of criminal and civil law. Although the present trend strongly favors the view that a civil approach is preferable, we must deal here with the law as it existed in 1970, when the case was tried and decided.

I cannot agree, however, that the interplay of 42 Pa.C.S.A. § 6710 with 42 Pa.C.S.A. § 6705 can amount to a holding that former law 18 P.S. 4505 was a *criminal* conviction. Section 6710 merely provides for ongoing jurisdiction of support orders. Section 6705 simply adds that wilful refusal of defendant to respond to process may, after hearing, lead to imprisonment for contempt. Ongoing orders of court and holdings in contempt can be civil as well as criminal. The matter requires much more analysis than the majority opinion provided, and the case of *Comm. ex rel. Wheeler v. Wheeler*, 274 Pa.Super. 478, 418 A.2d 506 (1980), upon which it relies touches the issue only peripherally.

A brief discussion of how, in general, civil and criminal contempt proceedings may be distinguished is set forth in *1 Standard Pa. Practice*, pp. 409–10:

§ 5 *Civil and Criminal Contempts.*—Contempt proceedings are classified into civil and criminal. The dominant purpose of the proceeding determines whether it is civil or criminal. A proceeding instituted solely for the purpose of vindicating the dignity, and preserving the power, of the court is criminal and punitive in its nature and is usually instituted by the court in the interest of the

general public, not of any particular individual or suitor. Those instituted by private individuals for the purpose, mainly, if not wholly, of protecting or enforcing private rights in which the public has no special interest are remedial or civil in their nature, rather than criminal or punitive.

Where the act complained of consists *merely of the refusal to do* or refrain from doing *some act commanded* or prohibited *for the benefit, primarily at least, of a party litigant,* proceedings to ascertain such contempt and enforce obedience to the order or decree have ever been deemed akin to execution process and are *civil, rather than criminal,* in their nature. The factors generally said to point to a civil contempt are these: (1) where the complainant is a private person as opposed to the government or governmental agency; (2) where the proceeding is entitled in the original injunction action and filed as a continuation thereof as opposed to a separate and independent action; (3) where holding the defendant in contempt affords relief to a private party; (4) where the relief requested is primarily for the benefit of the complainant; and (5) where the acts of contempt complained of are primarily civil in character and do not of themselves constitute crimes or conduct by the defendant so contumelious that the court is impelled to act on its own motion. (Citations omitted; emphasis supplied)

Under these criteria the civil nature of support actions would seem to be paramount. Certainly they were, even in an earlier time, instituted *primarily* for the purpose of protecting the private right of a child for support from its parent, and not for the "sole" purpose of vindicating the dignity of the court. There is, however, the public interest in keeping children off the welfare rolls of the state by assuring the child's support from private parental funds.

The wording of 18 P.S. § 4506, under which appellant was convicted, does provide for a fine of $100.00, but the gist of the "sentence" is provision for the child's rearing, and no criminal sanctions appear in the wording:

Such man, being thereof convicted, shall be sentenced, in addition to the fine aforesaid, to pay the expenses incurred at the birth of such child, and if such child is born dead, or shall die during continuance of the order for the maintenance of said child, to also pay the reasonable funeral expenses thereof, and to give security ... to perform such order for the maintenance of the said child, as the court shall direct. (Repealed by Act 1972, Dec. 6, P.L. No. 334 § 5)

An interesting contrast is provided by the wording of former statute 18 P.S. § 4323(c), where in pertinent part, the provision states:

... *instead of imposing the fine provided* by this title, or in addition thereto, the court ... may make an order ... directing the defendant to pay a certain sum periodically, for such time and to such person as the court may direct. The court *shall have the power to suspend the sentence provided in this section, and release the defendant from custody on probation* ...

Certainly, this wording does appear to be couched in criminal terms, and a man convicted on those charges could convincingly point to wording that specifically makes his support payments *in lieu* of a fine to the court and provides for his release on *probation* during pendency of the payments. Without deciding the matter, I reflect that an appellant convicted under 18 P.S. § 4323 would have more reason to expect relief under the P.C.H.A. than the appellant in the instant action.

The case of *Commonwealth v. Dunnick*, 204 Pa.Super. 58, 202 A.2d 542 (1964) agrees with an interpretation distinguishing among statutes designed to produce support for children born out of wedlock.

The offense of fornication and bastardy and the offense of failure to support a child born out of lawful wedlock are separate offenses.

.    .    .    .    .

Paternity of the child is an issue which must be proven by the Commonwealth in both cases, but in bastardy it is *the* issue while in failure to support a child born out of lawful wedlock *the* issue is the failure to support, which occurs not at the approximate time nor as a result of the fornication, but at a time after the child is born, and as a result of the defendant's conduct thereafter. *The difference of these crimes is further emphasized by the fact that bastardy carries no punishment except an order to support the child and is, in effect if not in law, more civil than criminal,* while the crime of failure to support carries with it a penalty of fine and imprisonment. *Id.* at 544 (Emphasis partially original, partially supplied)

I conclude, therefore, that the appellant in this matter simply has no right of appeal under the criminal provisions of the P.C.H.A., which require for eligibility that the appellant alleges that "he is incarcerated in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or parole or probation." 19 P.S. § 1180–3. This appellant is merely paying an ongoing support order for maintenance of a child. His right to appeal in a civil action expired more than a decade ago. I therefore must dissent from the holding of the majority.