**Ronald L. AUSBROOKS, Appellant,**

v.

**Jamene A. AUSBROOKS, Appellee.**

No. 84–563.

District of Columbia Court of Appeals.

Submitted April 11, 1985.

Decided June 6, 1985.

Ronald L. Ausbrooks, pro se.

Charles A. Brady, Washington, D.C., was on the brief for appellee.

Before BELSON and ROGERS, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

Appellant, *pro se*, appeals the denial of a motion to quash the attachment of his wages for non-payment of child support. In the motion he contended that the District of Columbia Superior Court lacked jurisdiction to enter a default judgment and an order in 1974 requiring him to pay appellee $75 biweekly for child support because, *inter alia*, he was a resident of Maryland in 1974 and was never personally served. The trial court noted in denying the motion to quash that there was a substantial question whether the court had *in personam* jurisdiction over appellant in 1974 because he was not properly served outside the District of Columbia,[1] but ruled that appellant had consented to the jurisdiction of the court by making payments in compliance with the court order. We agree, and affirm.

Appellee filed a complaint for maintenance and support on February 2, 1974 in the Superior Court. She attempted personal service on appellant in the District of Columbia, but when this failed, she served process by certified mail at appellant's work address in Maryland.[2] Super.Ct. Dom.Rel.R. 4. Appellant did not appear personally or through counsel before the default judgment and orders were entered on July 24, 1974 and August 12, 1974, respectively. Thereafter, by letter of August 22, 1974 to appellee's counsel, appel-

---

1. The long-arm statute in existence in 1974 did not authorize the exercise of *in personam* jurisdiction over appellant. *See* D.C.Code § 13–423 (1973).

2. The record shows a certified mail receipt, stamped May 30, 1974, addressed to appellant "c/o HEW," in Rockville, Maryland, for service of the complaint. Appellee's counsel's affidavit in support of a default judgment states that appellant was personally served on or about June 3, 1974 and had telephoned appellee's counsel on June 18, 1974, to say he would agree to pay child support. At the hearing on the motion to quash, appellee's counsel advised the court that appellant had been personally served at his place of employment.

lant's counsel acknowledged that appellant had received a copy of the order of August 12, 1974, stated that appellant would comply with the order to make biweekly payments of $75 through the Finance Office of the Clerk of the Superior Court, and requested continuation of his visitation privileges.

Appellant made the ordered payments to the Clerk for approximately one year and then stopped; he made total payments of $900, and his last payment was for $75. Appellee obtained a Writ of Attachment on July 8, 1982. D.C.Code § 16–512 (1981). Appellant was notified by his employer that his pay would be garnished at the rate of $804.49 per month beginning in November 1983. On November 10, 1983, appellant filed a motion to quash the attachment. At no prior time did he attack the 1974 default judgment or order. Appellant claims that he was unaware any support order had been entered, *id.* § 16–916(c), until he received the Writ of Attachment in 1983.[3]

 In the absence of *in personam* jurisdiction, a court may obtain jurisdiction over a person by consent or waiver. *FTC v. Browning,* 140 U.S.App.D.C. 292, 295–96 n. 7, 435 F.2d 96, 99–100 n. 7 (1970); *Stevens v. Sparks,* 205 Va. 128, 134, 135 S.E.2d 140, 145 (1964); *cf. Clark v. Wells,* 203 U.S. 164, 27 S.Ct. 43, 51 L.Ed.2d 138 (1906); *Lynde v. Lynde,* 162 N.Y. 405, 56 N.E. 979, *aff'd,* 181 U.S. 183, 21 S.Ct. 555, 45 L.Ed. 810 (1901). Consent and waiver may be implied from conduct. *Davis v. Davis,* 305 U.S. 32, 42, 59 S.Ct. 3, 7, 83 L.Ed. 26 (1938); *Devoto v. Devoto,* 358 A.2d 312, 313 (D.C.1976).

█ In a remarkably similar case, a Pennsylvania court rejected a claim that an order to pay child support was void *ab initio* for lack of personal service where the defendant claimed to be at sea at the time but had made support payments through the court for over two years. *Commonwealth v. Wheeler,* 274 Pa.Super. 478, 481, 418 A.2d 506, 508 (1980). The court held that the proper time for contesting jurisdiction on the grounds of lack of service is prior to compliance with the court order and before voluntary submission to the jurisdiction of the court. *Id.* at 508 (citing *Commonwealth ex rel. Slossberg v. Slossberg,* 208 Pa.Super. 419, 222 A.2d 490 (1966) (parties bound when they sufficiently manifest their intent to be bound by court's jurisdiction)). Appellant here voluntarily made payments through the court pursuant to the support order. He thereby consented to the support order and "clearly manifested his consent to the jurisdiction of the court...." *Id.* He has waived any objection to the failure of personal service. His claim that he was unaware of the 1974 support order and his explanation of his payments, *see supra* note 3, are belied by the record. Accordingly, since the attachment was properly entered, D.C.Code §§ 16–512, –572 (1981), we affirm.

*So ordered.*

---

**3.** Appellant's explanation for his payments for almost a year is that he made payments pursu-
ant to an oral agreement with appellee, who had requested he make them to the court.