527 A.2d 171

**Sheila A. BERGERE, Appellant,**

v.

**Allen BERGERE.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1987.

Filed June 12, 1987.

Thomas J. Carlyon, Hazleton, for appellant.

Stephen J. Fendler, Wilkes-Barre, for appellee.

102

Before BECK, HESTER and ROBERTS,* JJ.

BECK, Judge:

In this divorce action the issue is whether the actions of appellee, a non-resident husband, constituted consent to the trial court's personal jurisdiction over him or whether he waived his right to contest the validity of the court's personal jurisdiction.

The trial court dismissed wife-appellant's petition for economic relief under the Divorce Code [1] on the ground that it lacked jurisdiction inasmuch as the husband neither consented to personal jurisdiction nor waived his right to contest jurisdiction. We point out that the question before us is limited to an economic claim arising from the marriage and does not relate to the marital status of the parties. *E.g. Vanderbilt v. Vanderbilt*, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957), *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed.2d 1577 (1945).

An order determining that the court lacks personal jurisdiction is a final order because the parties are out of court; such an order is therefore appealable. *Radakovich v. Weisman*, 241 Pa.Super. 35, 359 A.2d 426 (1976); *see Vision Service Plan of Pa. v. Pennsylvania AFSCME Health and Welfare Fund*, 326 Pa.Super. 474, 480 n. 5, 474 A.2d 339, 342 n. 5 (1984). This conclusion is clear from case law and also from the official note to Pa.R.App.P. 311(b). Referring to an appeal as of right from an interlocutory order sustaining personal jurisdiction, the note to rule 311(b) indicates that the rule "does not cover orders which do not sustain jurisdiction because they are, of course, final orders appealable under Rule 341." We recognize that the comment is not controlling. However, it does comport with logic and case law. Therefore, the order in the case sub judice which finds the court lacked personal jurisdiction is appealable pursuant to Pa.R.App.P. 341.

* This decision was rendered prior to the death of Justice Roberts.

1. Pa.Stat.Ann. tit. 23, §§ 101—801 (Purdon Supp.1986)

If the basis of the appeal were the court's denial of economic relief in the form of alimony pendente lite, we would find the order interlocutory and quash. *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985). However, the basis of the court's order is jurisdictional and therefore final.

■ For the sake of clarity, we first note that the wife's claim of jurisdictional legitimacy is not based on an assertion that husband was personally served or on an assertion that the long arm statute is applicable. Uniform Interstate and International Procedure Act, 42 Pa.Cons.Stat.Ann. §§ 5322–5329 (Purdon 1981). Rather wife asserts two other bases for the court's personal jurisdiction over her husband. First she contends husband waived the defense that the court lacked personal jurisdiction by failing to raise the defense both in preliminary objections to the divorce complaint and in a timely petition pursuant to the local rules of Luzerne County. C.P.R. 1910.8(b). Second, wife contends that husband consented to the court's personal jurisdiction by filing exceptions to the master's proposed orders for alimony pendente lite.[2]

Before considering these two issues, we review the facts, which are uncontested. Husband and wife were married and resided in Maryland. Upon separation, wife moved to Pennsylvania where her parents live. She established her domicile in Pennsylvania and filed a complaint for divorce and for economic relief including an award of alimony pendente lite. Husband was served constructively by registered mail. Pa.R.C.P. 2079(a) (rescinded June 20, 1985, effective Jan. 1, 1986). He did not respond.

On January 21, 1986, the wife, following local procedure, filed a copy of her request for alimony pendente lite with the Luzerne County section of domestic relations. The

2. When a defendant raises lack of personal jurisdiction, it becomes the plaintiff's burden to prove that the exercise of jurisdiction is permissible. *Temtex Products, Inc. v. Kramer*, 330 Pa.Super. 183, 479 A.2d 500 (1984). Therefore once husband claimed lack of personal jurisdiction, the wife had the burden of proof as to jurisdiction over the husband. By premising personal jurisdiction solely on waiver and consent, the wife waived other bases for establishing jurisdiction.

domestic relations section scheduled a conference date and notified the husband, who wrote that he would not appear because the court lacked personal jurisdiction over him. The conference was held without the husband, and a domestic relations counselor issued a proposed order awarding wife alimony pendente lite. The husband filed timely exceptions, addressing solely the issue of personal jurisdiction. The counselor amended the proposed order to correct a calculation error, and the husband filed timely exceptions to the amended order. He again limited his challenge to the question of jurisdiction. The parties submitted briefs to the domestic relations master who recommended that the court permit husband to raise the issue of personal jurisdiction by filing a petition nunc pro tunc. The court ordered husband to filed a petition nunc pro tunc pursuant to Luzerne County C.P.R. 1910.8(b) [3], a local rule applicable to alimony pendente lite matters, which requires a party raising a jurisdictional issue to do so by petition prior to the scheduled hearing. *See also* Luzerne County C.P.R. 1920.-31(b)(2)(1)(2). After the husband filed a petition in compliance with the court's order, the court heard legal argument and dismissed the alimony pendente lite "complaint" because the court asserted it did not have personal jurisdiction over the husband.

We now consider wife's contention that husband waived his right to assert the defense of lack of personal jurisdiction. Pa.R.C.P. 1032 provides that all defenses and objections which the defendant does not raise either in preliminary objection, answer or reply are waived, except for enumerated exceptions not herein relevant. As with any civil complaint, the defendant in a divorce action may file preliminary objections as a responsive pleading, pursuant to rule 1017. N. Perlberger, *Pennsylvania Divorce Code*

---

**3.** Luzerne County C.P.R. 1910.8(b) provides:

Any question of jurisdiction or venue, or in paternity cases the defense of the statute of limitations shall be raised by Petition and Rule to the Motions Judge prior to the scheduled date of a conference or hearing, and shall be promptly disposed of by the Miscellaneous Court Judge who may, in an appropriate case stay the scheduled conference or hearing.

§ 7.5.3. (1980); *e.g. Urban v. Urban,* 332 Pa.Super. 373, 481 A.2d 662 (1984).  Moreover,

> [p]reliminary objections are the exclusive means by which to raise the question of *in personam* jurisdiction and the failure to so raise the question of personal jurisdiction constitutes a waiver of that defense.  Pa.R.C.P. 1032. *See also Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 208 A.2d 252 (1965); *Commonwealth ex rel. Cook v. Cook,* 303 Pa.Super. 61, 449 A.2d 577 (1982).

*Roskwitalski v. Reiss,* 338 Pa.Super. 85, 94, 487 A.2d 864, 868 (1985).

By permitting the husband to file a petition nunc pro tunc in accordance with local rule, the trial court clearly intended to permit husband to raise the jurisdictional issue late.  The Luzerne County rule substitutes the petition for the preliminary objections required by the Pennsylvania Rules of Civil Procedure.  We do not address the validity of the Luzerne County rule because neither party has addressed or argued this issue.

Our Pennsylvania Supreme Court has held that

> ... a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party....  This practice comports with Pa.R. C.P. 126 which mandates a liberal construction of the rules in general and the disregarding of any "error or defect of procedure which does not affect the substantive rights of the parties."

*Gagliardi v. Lynn,* 446 Pa. 144, 151, 285 A.2d 109, 112 (1971) (citations omitted).

Although the issue in *Gagliardi* concerned waiver of a statute of limitations defense, we find the reasoning equally applicable in the case sub judice.  We find the trial court had the authority to permit the husband to raise the jurisdictional issue in an untimely manner, and our review therefore is limited to whether the judge abused his discretion.  Under *Gagliardi,* wife must show injury.  Wife has

alleged no injury as a result of the court's permission to allow husband to file a petition nunc pro tunc. We therefore find no abuse of discretion.

Lastly, wife contends that husband consented to personal jurisdiction by filing exceptions to the proposed orders for alimony pendente lite. In support of her contention, the wife cites *Commonwealth ex rel. Wheeler v. Wheeler*, 274 Pa.Super. 478, 418 A.2d 506 (1980). However, the consent to jurisdiction in *Wheeler* was based on compliance with a support order for two years, not on filing of exceptions challenging the jurisdiction of the court. Therefore, *Wheeler* is inapposite.

■ The sole purpose of the husband's exceptions was to question jurisdiction. As a result, the trial court correctly concluded that his filing the exceptions did not amount to consent to jurisdiction. The trial court treated husband's actions as a special appearance for the purpose of challenging personal jurisdiction. *See e.g. Taylor v. Humble Oil & Refining Co.*, 221 Pa.Super. 394, 292 A.2d 481 (1972). The court's action was a valid exercise of discretion.

Order affirmed.