J-E01004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :
               v.                         :
                                           :
                                           :
RUSSELL S. SHICK                       :
                                           :
                 Appellant          :     No. 720 WDA 2018

Appeal from the Judgment of Sentence March 29, 2016
In the Court of Common Pleas of Cambria County Criminal Division at
No(s):  CP-11-CR-0000785-2014


BEFORE:  PANELLA, P.J., BENDER, P.J.E., GANTMAN, P.J.E., LAZARUS, J.,
          OLSON, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., and
          McLAUGHLIN, J.

DISSENTING MEMORANDUM BY MURRAY, J.:    **FILED OCTOBER 08, 2019**

After careful review, I respectfully dissent because legal authority dictates that we may not circumvent the PCRA time-bar by treating Appellant's untimely petition as an amendment to a prior and fully resolved petition.

On November 30, 2015, Appellant pled guilty pursuant to a negotiated plea agreement.  The trial court sentenced Appellant to 7½ to 15 years of incarceration on March 29, 2016.  Following the imposition of sentence, Appellant's trial counsel filed a motion to withdraw as counsel on April 5, 2016, and a motion seeking a 30-day extension to file post-sentence motions on April 6, 2016.  The trial court granted the motion for an extension of time to file post-sentence motions on April 7, 2016, and scheduled a hearing on the motion to withdraw as counsel.  On April 20, 2016, Appellant filed a *pro se* motion to withdraw his guilty plea.  The trial court convened a hearing on April

28, 2016, after which it granted trial counsel's motion to withdraw, and denied Appellant's *pro se* request to withdraw his guilty plea.

Appellant did not file a direct appeal. Thus, Appellant's judgment of sentence became final on May 31, 2016.[1] **See** 42 Pa.C.S.A. § 9545(b)(3) (mandating that a judgment of sentence becomes final at the conclusion of direct review or at the expiration of the time for seeking review); Pa.R.Crim.P. 720(A)(3).

Beginning on July 28, 2016, Appellant filed a series of *pro se* petitions, many of which sought relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Rather than treating these petitions as timely petitions under the PCRA, the trial court denied them. **See** 42 Pa.C.S.A. § 9542 (providing "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect . . . ."); **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (holding that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").

---

[1] The 30th day after the trial court's April 28, 2016 denial of Appellant's post-sentence motion was Saturday, May 28, 2016; Monday, May 30, 2016 was a legal holiday. Thus, Appellant had until Tuesday, May 31, 2016 to file a timely appeal. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

In its memorandum, the Majority relies on two of these petitions to conclude that this Court has jurisdiction. Specifically, the Majority finds that the trial court refused to rule on Appellant's petitions filed on August 10, 2016 and August 17, 2016. In doing so, the Majority attempts to create a nexus with the untimely PCRA petition Appellant filed on November 1, 2017 by holding that "since the trial court expressly refused to rule upon Appellant's August 10, 2016 *pro se* PCRA petition and since the trial court did not rule upon the August 17, 2016 petition," Appellant's "Amended PCRA Petition constitutes 'an extension of [the] existing [, August 10, 2016 and August 17, 2016] petition[s] rather than a new and distinct petition." Majority at 3, 25 (quoting **Commonwealth v. Tedford**, 781 A.2d 1167, 1171 n.6 (Pa. 2001)) (brackets in original).

In my view — and notably, in the view of both the parties and the trial court — Appellant's August 10, 2016 filing was dismissed by the trial court in **a final order** dated August 22, 2016. The order reads:

> Accordingly, this 22nd day of August, 2016, upon consideration of [Appellant's] 'Notice of Direct Appeal,' we decline to render ruling as said document is untimely, and as such, **we are without jurisdiction**. Further, consistent with the analysis set forth herein, this Order shall serve as notice to the [Appellant] that the Court will decline to render ruling relative to any future filings of a similar nature. To the extent that [Appellant] timely wishes to pursue Post-Conviction Collateral Relief, said petitions will be entertained.

Trial Court Order, 8/22/16, at 2-3 (emphasis added and original emphasis omitted).

The trial court's order denied Appellant the relief he requested, *i.e.*, review of his ineffective assistance of counsel claims. Pennsylvania Rule of Criminal Procedure 910 provides that "[a]n order granting, denying, dismissing **or otherwise finally disposing of a petition for post-conviction relief** shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910 (emphasis added). Because the court's order denied Appellant relief, specifically stating that the court lacked jurisdiction, the order is final. **See id.** Thus, I disagree with the Majority's supposition that Appellant's August 10, 2016 petition is pending.

Further, the law is unequivocal that an order determining that a court lacks jurisdiction is a final order. **See** 42 Pa.C.S.A. § 742; Pa.R.A.P. 341; **see also Commonwealth v. Anderson**, 630 A.2d 47, 49 n.9 (Pa. Super. 1993) (stating that an order dismissing for lack of jurisdiction "serves to put the litigants out of court, thus making the order final."); **Bergere v. Bergere**, 527 A.2d 171, 172 (Pa. Super. 1987) (holding that a trial court's decision that it lacked jurisdiction was a final and appealable order). Here, the trial court issued its order stating that it lacked jurisdiction to reach the issues raised in Appellant's petition. The August 22, 2016 order put Appellant out of court, and is therefore final.

I also disagree with the Majority's conclusion that Appellant's August 17, 2016 filing was a "document he titled 'Notice of Direct Appeal'," which "sought relief from Appellant's judgment of sentence based upon claims that are cognizable under the PCRA." Majority at 11, 23. The record reveals that

- 4 -

Appellant's August 17, 2016 filing is entered on the docket as a "Motion for

Corrective Order," and is in fact titled as such. The motion reads:

> AND NOW COMES Russell S. Shick, Pro Se, Appellant with the following <u>MOTION FOR CORRECTIVE ORDER</u> and offers the Honorable Court the following in support:
>
> (A)   Appellant filed a timely <u>NOTICE OF APPEAL</u> with the Court.
> (B)   Judge David A. Tulwitski DENIED said motion as being untimely on August 3, 2016 and issued an Order of Court stating same.
> (C)   Appellant had filed an <u>OMNIBUS POST-SENTENCE MOTION with the Court</u> on or about April 6, 2016. Said Motion was granted by Honorable David A. Tulwitski. Said motion gave the Appellant an additional 120 days for filing of post-conviction m[o]tions due to the fact that appellant's private counsel had previously filed.
>
> WHEREFORE, the Appellant MOVES the Honorable Court to issue a CORRECTIVE ORDER and accept the Appellant's <u>Notice of Appeal</u> and set a hearing date for aforementioned appeal.

Motion for Corrective Order, 8/17/16. Attached to the motion, Appellant

appended several exhibits, including a copy of Appellant's August 10, 2016

"Notice of Direct Appeal," a document titled "Brief of Appellant," and a copy

of the trial court docket.[2] Accordingly, Appellant's "Motion for Corrective

---

[2] The Majority misconstrues the record by declaring that "the August 17, 2016 'Notice of Direct Appeal' was not an exhibit to the 'Motion for Corrective Order,' but was, rather, a separate filing." **See** Majority at 25 n.15. The Majority faults the clerk of courts for Appellant's "Notice of Direct Appeal" not being reflected in the docket as a separate filing. **Id.** ("Appellant cannot be faulted for this failure, as he has no control over the clerk of court's actions."). However, the record does not support the Majority's conclusion that the clerk of courts made a docketing error. Although Appellant's "Notice of Direct Appeal" was time-stamped on August 17, 2016, it was not docketed in the record and cannot be considered filed on that date because it was presented

Order" does not raise any claim cognizable under the PCRA, and cannot be construed as a petition for post-conviction relief. Further, the trial court summarily denied this motion by order dated August 24, 2016. **See** Trial Court Order, 8/24/16.[3]

My position is supported by the statements of both the parties and the trial court. **See** Appellant's Supplemental Brief at 6 ("The court mistakenly

to the clerk of courts as an exhibit to Appellant's Motion for Corrective Order. Appellant stapled the "Notice of Direct Appeal" to the Motion for Corrective Order. The Motion for Corrective Order and accompanying exhibits were presented to the clerk of courts as one document, and the clerk of courts properly docketed it as such. Significantly, Appellant never claims that the "Notice of Direct Appeal" should have been docketed as a separate filing. Thus, the Majority cannot characterize the "Notice of Direct Appeal" as a separate filing merely because it is time-stamped. **See Nagy v. Best Home Services, Inc.**, 829 A.2d 1166, 1168 (Pa. Super, 2003) ("the term 'filing' is not the equivalent of either the prothonotary's time-stamping of a document or the recording of receipt on the docket").

[3] Pertinently, the August 24, 2016 order reads:

> AND NOW, this 24th day of August 2016, upon consideration of defendant's "Motion for Corrective Order," **and consistent with the rationale set forth in our Order of August 22, 2016,** said Motion is DENIED.

Trial Court Order, 8/24/16 (emphasis added). This order makes clear that the trial court denied Appellant's August 10, 2016 and August 17, 2016 petitions because it believed that it lacked jurisdiction to reach the issues raised because Appellant's judgment of sentence was final. The Majority disregards the trial court's communique in order to provide Appellant with an equitable result. There is no legal authority to support such a disposition. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner").

did not consider that filing as a PCRA petition and issued an order on August 22, 2016, erroneously **claiming it lacked jurisdiction to address [Appellant's] issues**.") (emphasis added); *id.* at 10 (arguing that the trial court's August 22, 2016 order **dismissing** Appellant's PCRA petition was invalid and a legal nullity); Commonwealth's Brief at 6 ("the lower court denied all of these *pro se* filings . . ."); Trial Court Opinion, 4/24/18, at 3 ("[w]e repeatedly denied said filings, setting forth our rationale in the respective Orders").

Consistent with the foregoing, it is untenable for the Majority to conclude that Appellant's November 1, 2017 "Amended PCRA Petition," is "an extension of [the] existing[, August 10, 2016 and August 17, 2016] petition[s]." Majority at 25-26 n.15. This is especially so where the record is clear that the order dismissing the August 10, 2016 PCRA petition was a final order putting Appellant out of court, and Appellant's August 17, 2016 "Motion for Corrective Order," which was likewise denied by the trial court, did not seek relief that was cognizable under the PCRA. Moreover, at no point has Appellant expressed the intent that his November 1, 2017 PCRA petition amended his August 10 and 17, 2016 filings. Instead, the Majority imputes this intent to Appellant, without support from the record. While it is true that this Court can raise and resolve matters implicating jurisdiction *sua sponte*, we may not circumvent prevailing legal authority or surmise what an Appellant intended to exercise jurisdiction. Here, both the record and statutory and case law

- 7 -

dictate that Appellant's November 1, 2017 filing is an untimely, subsequent PCRA petition.

In sum, after careful consideration, I conclude that Appellant's November 1, 2017 petition may not be considered an "amendment" to a first post-conviction petition; rather, it is a facially untimely subsequent PCRA petition. In other words, Appellant's November 1, 2017 petition is not an "amended petition" simply because he labels it as such. *See Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003) (concluding that when nothing is pending before the PCRA court, a second petition cannot be treated as an amended first petition).

Having failed to plead or prove any of the three exceptions to the PCRA's time-bar, both the PCRA court and this Court lack jurisdiction to review Appellant's petition. *See Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)) ("Pennsylvania law makes clear [that] no court has jurisdiction to hear an untimely PCRA petition.").

I recognize that this case is troubling insofar as the trial court failed to construe Appellant's *pro se* petitions as timely petitions for post-conviction relief and failed to appoint counsel for Appellant. *See Commonwealth v. Brown*, 836 A.2d 997 (Pa. Super. 2003) ("An indigent petitioner is entitled to representation by counsel for a first petition filed under the PCRA."). However, this Court and our Supreme Court have repeatedly rejected the use of

equitable remedies to circumvent the PCRA time-bar. ***See Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008) ("[I]t is now well settled that there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions."); ***Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002) ("[t]he PCRA confers no authority upon [the Pennsylvania Supreme] Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act. In this regard, we note that [the Supreme] Court already has held that the PCRA's time restrictions are not subject to equitable tolling").

Instantly, because Appellant's November 1, 2017 petition was untimely and not subject to a statutory exception, I would find that this Court lacks jurisdiction and quash the appeal. Thus, I respectfully dissent.

President Judge Panella, President Judge Emeritus Gantman and Judge McLaughlin join this Dissenting Memorandum.