J-S21009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD S. LEPRE, JR. | : | |
| | : | |
| Appellant | : | No. 543 WDA 2017 |

Appeal from the PCRA Order March 8, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015773-2015

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 11, 2018**

Appellant, Gerald S. Lepre, Jr., appeals from the March 8, 2017 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).[1]  We

_____

[1] Counsel seeking to withdraw from post-conviction representation must satisfy the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a [brief pursuant to **Turner/Finley**]."  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).  Although counsel refers to the appellate brief submitted in this case as an "**Anders**" brief, we shall refer to her submission as a "**Turner/Finley**" brief, reflecting the correct line of authority under which it is filed.

conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw. Furthermore, we conclude that the appeal is without merit; however, we also conclude that the PCRA court lacked authority to enter the February 6, 2017 order granting Appellant relief. Hence, we vacate the PCRA court's February 6, 2017 order and affirm the PCRA court's March 8, 2017 order.

The factual background and procedural history of this case are as follows. On September 24, 2015, Appellant was pulled over by University of Pittsburgh Police after he failed to stop at a red light. On February 1, 2016, the Commonwealth charged Appellant via criminal information with two counts of driving under the influence ("DUI") – general impairment[2] and failing to stop at a red light.[3] On August 1, 2016, Appellant pled guilty to one count of DUI – general impairment. He was immediately sentenced to six months' probation. On September 12, 2016, Appellant filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition. On February 1, 2017, Appellant's probationary period expired. On February 6, 2017, the PCRA court granted the amended petition in part and lowered Appellant's fine. In that same order, the PCRA court issued notice of its intent to dismiss the remainder of the petition without an evidentiary hearing. ***See*** Pa.R.Crim.P. 907. On

---

[2] 75 Pa.C.S.A. § 3802(a)(1).

[3] 75 Pa.C.S.A. § 3112(a)(3)(i).

March 8, 2017, the PCRA court dismissed the remainder of Appellant's PCRA petition. This timely appeal followed.

Appellant's counsel raises two issues in her **Turner/Finley** brief:

1. Did the [PCRA] court err in denying relief upon finding that it lacked jurisdiction over [Appellant's] PCRA petition insofar as [Appellant] is no longer serving a sentence . . . ?

2. [Did the PCRA court err in dismissing Appellant's ineffective assistance of counsel claim?]

**Turner/Finley** Brief at 5 (complete capitalization removed).[4]

Prior to addressing the merits of the issues raised in counsel's **Turner/Finley** brief, we must determine whether she met the procedural requirements to withdraw as counsel. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner/Finley**, the court — PCRA court

_____

[4] Appellant filed a response to counsel's **Turner/Finley** brief in which he argues that his PCRA counsel failed to meet the procedural requirements for withdrawing. This argument is without merit for the reasons set forth in note 1, **supra**. He also argues that his plea counsel was *per se* ineffective by not filing a direct appeal. As we conclude the PCRA court lacked the authority to grant him relief, we need not address this claim.

or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (cleaned up). In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel.

The first issue raised in counsel's ***Turner/Finley*** brief is whether the PCRA court had jurisdiction over Appellant's petition. "Whether a court has subject matter jurisdiction presents a question of law, making our standard of review *de novo* and the scope of our review plenary." ***Hendricks v. Hendricks***, 175 A.3d 323, 328 (Pa. Super. 2017) (citation omitted). The PCRA provides, in relevant part, that:

> (a) **General rule**.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . .
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>
> (ii) awaiting execution of a sentence of death for the crime; or
>
> (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543.

Our Supreme Court and this Court have consistently interpreted section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is

- 4 -

being sought.[5] ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004); ***Commonwealth v. James***, 771 A.2d 33 (Pa. Super. 2001); ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997). If a petitioner is not eligible for relief under section 9543, the PCRA court lacks jurisdiction to consider the merits of the petition. ***Commonwealth v. Ahlborn***, 683 A.2d 632, 641 (Pa. Super. 1994) (*en banc*), *aff'd*, 699 A.2d 718 (Pa. 1997). Although jurisdiction is determined at the time a petition is filed, a case becomes moot if the petitioner finishes serving his or her sentence while the petition is pending. ***See id.*** Furthermore, "courts cannot decide moot or abstract questions[.]" ***Orfield v. Weindel***, 52 A.3d 275, 288 (Pa. Super. 2012). In other words, courts lack authority to grant relief when a case is moot.

In this case, Appellant filed his PCRA petition while he was still on probation. However, he ceased serving his probationary term on February 1, 2017. Hence, although the PCRA court had jurisdiction over the petition, Appellant's case became moot as of February 1, 2017, when his probationary period expired. The PCRA court lacked the authority to grant Appellant relief

---

[5] Our Supreme Court's recent decision in ***Commonwealth v. Delgros***, 2018 WL 1959478 (Pa. Apr. 26, 2018) does not impact our analysis of this issue. That decision only addressed a trial court's ability to consider ineffective assistance of counsel claims when raised in a post-sentence motion. ***See id.*** at *1. In this case, Appellant filed a PCRA petition and did not raise plea counsel's alleged ineffectiveness in a post-sentence motion.

after that date. Five days later, the PCRA court granted Appellant's PCRA petition in part despite lacking the authority to grant Appellant relief. Therefore, we are constrained to vacate the February 6, 2017 order to the extent that it granted Appellant relief. Moreover, as Appellant was not eligible for relief after February 1, 2017, we also affirm the PCRA court's March 8, 2017 order denying him relief with respect to his ineffective assistance of counsel claim.

Order vacated in part and affirmed in part. Counsel's petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2018