COMMONWEALTH of Pennsylvania,

v.

Richard JAMES, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 6, 2000.

Filed March 20, 2001.

Anne M. Dixon, Philadelphia, for appellant.

Diane E. Gibbons, Assistant District Attorney, Doylestown, for Com., appellee.

Before JOHNSON, FORD ELLIOTT, and OLSZEWSKI, JJ.

FORD ELLIOTT, J.:

¶ 1 Appellant, Richard James, appeals the order entered December 9, 1999, disposing of his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. The court denied appellant's petition finding that he was ineligible for relief because he was no longer serving a sentence. 42 Pa. C.S.A. § 9543(a)(1). We affirm.

¶ 2 On September 22, 1982, appellant entered a guilty plea to two counts of theft by deception, two counts of theft by failure to make required disposition of funds received, and four counts of conspiracy. Appellant entered a *nolo contendere* plea to eight counts of similar offenses. On January 4, 1983, appellant was sentenced to a term of imprisonment of not less than two years nor more than four years on counts 1 and 2; a consecutive seven-year period of probation on counts 3 and 4; and an additional consecutive three-year period of probation on counts 9, 10, 13, and 14. Appellant was further ordered to pay restitution of $1,500 per month. The total sum owed by appellant was $882,105.44. Appellant was placed on work-release and eventually paroled.

¶ 3 On March 7, 1986, while still on parole, the Commonwealth filed a petition

for contempt claiming that appellant had not been making the required monthly payments of $1,500 per month since his release. Following a hearing on April 11, 1986, appellant was found in contempt; but in response to his limited earning capacity, the court reduced the restitution payments to $50 per week.

¶ 4 On January 4, 1987, appellant's parole ended and his probation began. In December of 1996, as appellant's probation was about to expire, the Commonwealth instituted probation violation proceedings, claiming that appellant had failed to satisfy his restitution obligation.[1] On January 23, 1997, another hearing was held on appellant's failure to pay restitution. As of that date, appellant had paid a total sum of $40,951.37 towards restitution. Appellant was found in violation of his probation for failing to pay restitution. The court ordered that appellant be placed on seven years' additional probation; that he pay the balance of the restitution in weekly payments of no less than $50; and that he be subject to a review of his financial situation every three months.

¶ 5 Appellant pursued a direct appeal. One of the issues raised on appeal concerned appellant's sentence. Appellant argued because he served his prison term, completed ten years of probation, and complied with the weekly payments, there was no basis for a finding of a probation violation. Upon review of appellant's original sentence, a panel of this court determined that the sentencing court did not specify whether restitution was a condition of probation, as opposed to a separate component of the sentence. Because neither side appealed appellant's original sentence, this court was faced with the sentencing order as entered, defects and all. We concluded:

that the original order of restitution was not a condition of probation but was a component of appellant's sentence. This conclusion follows from the manner in which the Commonwealth and the trial court treated appellant's alleged noncompliance in 1986. At that time, the Commonwealth filed a petition to have appellant held in contempt based on his alleged failure to make the required payments. At the time appellant was on parole, and had not yet started his probation. It is interesting to note that the Commonwealth did not seek parole revocation, nor did it in any way claim that the restitution order was tied to appellant's probation. The Commonwealth cannot now assert differently. Appellant is, therefore, correct that the trial court had no basis upon which to find a violation of probation. However, while this conclusion warrants relief from the technical finding that appellant committed a probation violation, it does not entitle him to release from the authority of the Court.

*Commonwealth v. James*, No. 656 Philadelphia 1997, 706 A.2d 1253 (unpublished memorandum filed December 23, 1997), slip op. at 9. In reversing the judgment of sentence and remanding for further proceedings, we stated:

Appellant remains subject to the restitution sentence that was originally imposed, which was the total amount of the victim's losses cited in the information to which he pled guilty, *and that sentence is to be considered independently of his now expired probation.* However, the trial court has the continuing authority to enforce the sentence of restitution, and may utilize its full contempt power as a means to enforce that sentence.

Slip op. at 10 (emphasis added).

¶ 6 Appellant next filed a petition for allowance of appeal to our supreme court

---

1. According to the Commonwealth, there was an unpaid balance of $841,404.07.

which was subsequently denied. On February 12, 1998, a contempt hearing was held before the Honorable Isaac S. Garb. Judge Garb deferred any finding of contempt and ordered appellant to continue his weekly payments and provide information to the Adult Probation and Parole Department concerning his income and employment every three months.

¶ 7 On September 13, 1999, appellant, represented by Stephen R. LaCheen, Esq., filed a petition under the PCRA in the Bucks County Court of Common Pleas. On that same date, appellant also filed a petition for *habeas corpus* relief in the United States District Court for the Eastern District of Pennsylvania. A hearing on appellant's PCRA petition took place on November 19, 1999. At that hearing, the PCRA court determined that appellant was not currently serving a sentence and, as such, appellant was ineligible for post-conviction relief. Appellant's petition was dismissed on December 9, 1999, and this appeal followed.

■ ¶ 8 Appellant argues that the continuing supervision by the court and monitoring by the Adult Probation and Parole Office constitute "custody" for purposes of post-conviction relief. In support of his position that he is eligible for post-conviction relief, appellant relies on the case of *Commonwealth v. Papariella*, 294 Pa.Super. 215, 439 A.2d 827 (1982). In that case, a jury found appellant, James Papariella, guilty of adultery and bastardy. On March 31, 1971, he was sentenced to pay the costs of prosecution, the lying-in expenses, and child support in the sum of $10 per week, said payments to be made through the adult probation office. *Id.* at 828. In December of 1973, the trial court adopted a modification agreement which set child support payments at $80 per month. *Id.*

¶ 9 In March of 1980, Papariella filed a petition for relief under the Post Conviction Hearing Act ("PCHA") (subsequently repealed and replaced by the PCRA) alleging ineffective assistance of counsel at his 1970 trial. *Id.* The PCHA court denied Papariella's petition on the sole ground that he was not eligible for relief under the PCHA because he was not under a sentence of death or imprisonment, or on parole, or probation. *Id.*

¶ 10 On appeal to this court, we reversed. We determined that at the time Papariella's petition was filed, he was on probation. *Id.* This court concluded: "Although not stated in so many words, clearly the import of the original sentence was to place [Papariella] under the continuing jurisdiction of the court (in effect on 'probation') so long as support payments remained due and owing." *Id.*

¶ 11 Appellant herein argues that the custody requirements of the PCHA and PCRA are identical and, like Papariella, he should be eligible for post-conviction relief. We disagree with appellant's claim.

■ ¶ 12 "Under the doctrine of the 'law of the case,' where an appellate court has considered and decided a question on appeal, that Court will not, in a subsequent appeal of another phase of the same case, reconsider its previous ruling." *Commonwealth v. Kratzer*, 442 Pa.Super. 514, 660 A.2d 102, 105 (1995), *allocatur denied*, 543 Pa. 702, 670 A.2d 643 (1996), citing *Commonwealth v. Lenig*, 403 Pa.Super. 455, 589 A.2d 700, 703 (1991), *appeal denied*, 528 Pa. 636, 598 A.2d 993 (1991). A panel of this court has already determined that appellant's payment of restitution is a separate component of his sentence. While appellant now claims that he is in "custody" for purposes of post-conviction relief, this choice of words will not secure him any relief. To be eligible for relief under the PCRA, the petitioner must prove:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

    (i) *currently* serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S.A. § 9543(a)(1)(i) (emphasis added). Here, appellant is not currently serving a sentence of imprisonment, probation, or parole.

¶ 13 We find the case of *Commonwealth v. Fisher*, 703 A.2d 714 (Pa.Super.1997), which was decided under the PCRA, helpful. In that case, Fisher argued the trial court erred in dismissing his PCRA petition on the ground that he had completed serving his sentence. One of Fisher's arguments on appeal concerned the payment of $120,000 in fines. Fisher argued that he had not completed serving his sentence because he had not yet paid his fines. We rejected this argument and held that the PCRA does not afford relief to petitioners whose only outstanding sentence is the payment of a fine. *Id.* at 717.[2]

■ ¶ 14 Appellant served his original sentence and his probationary period expired. The trial court ordered restitution as part of appellant's original sentence, and it has the continuing power to monitor and enforce that sentence.[3] An order of restitution is enforceable until paid. *Commonwealth v. Mourar*, 349 Pa.Super. 583, 504 A.2d 197, 207 (1986) (*en banc*), vacated on other grounds, 517 Pa. 83, 534 A.2d 1050 (1987). However, the monitoring of

appellant's restitution payments does not make him eligible for relief under the PCRA. The PCRA court correctly dismissed the petition.

¶ 15 Order affirmed.

---

**2.** The *Fisher* court noted that even though Fisher was no longer subject to imprisonment on his sentence, if and when he becomes financially able to pay his fines, he may yet be subject to contempt proceedings with all its attendant penalties. *Id.* at 716 n. 7.

**3.** According to this court's memorandum decision filed December 23, 1997, "[A] sentencing court is explicitly granted the authority to

change a restitution order at any time providing its reasons are on the record, and the period of time during which the offender must pay does not exceed the maximum imprisonment to which he could have been sentenced. 18 Pa.C.S.A. § 1106(c)(2) and (3)." (Slip op. at 10.) Appellant could have been sentenced to at least 52 years of imprisonment. (Slip op. at 10 n. 13.)