J-S53026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM LEE ETTISON, | |
| Appellant | No. 254 WDA 2014 |

Appeal from the PCRA Order of January 17, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000865-2010

BEFORE:  DONOHUE, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 29, 2014**

Appellant, William Lee Ettison, appeals from the order entered on January 17, 2014 dismissing his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We have previously summarized the factual background of this case as follows:

> On February 18, 2010, Officer Michael Hertel of the Erie Bureau of Police was riding in a two-man patrol car operated by Corporal Jody Raeger when Officer Hertel observed Appellant drive past in a gray Cadillac.  Officer Hertel immediately recognized Appellant from a previous encounter, and was aware that Appellant had an outstanding arrest warrant.  The police officers proceeded to turn their car around, and followed Appellant.  Officer Hertel observed Appellant's vehicle accelerating at a high rate of speed on roads that were partly snowcovered and wet.  As a result of Appellant's speed and the road conditions, Appellant was unable to bring his vehicle to a complete stop at a stop sign and consequently his vehicle slid through the intersection.  The police officers activated their vehicle lights and Appellant pulled his car

* Retired Senior Judge assigned to the Superior Court.

over by the side of the road as close as he could to the curb given the large piles of snow lining the street. Appellant then exited his vehicle and closed the door behind him. Prior to Appellant exiting the vehicle, Officer Hertel observed Appellant moving around inside the vehicle. The police officers immediately exited their vehicle and Officer Hertel . . . ordered Appellant to the ground.

Appellant complied and Officer Hertel handcuffed him, and conducted a patdown search. Corporal Raeger then retrieved Appellant's car keys from his person, and Appellant was placed in a marked patrol car and transported by another officer to the Erie Police Department. Officer Hertel testified that Appellant's vehicle was obstructing traffic and needed to be towed. Corporal Raeger proceeded to unlock the driver's side door of Appellant's vehicle, and upon doing so, detected an odor of burnt marijuana. Corporal Raeger proceeded to conduct a search of the interior of Appellant's vehicle as well as the trunk. The search of the vehicle revealed no contraband. Officer Hertel then returned to Appellant's vehicle, and searched underneath and on top of the driver's seat, but also found no contraband. During the course of the arrest, Officer Hertel checked Appellant's vehicle registration, which revealed that the registration did not belong to the Cadillac that Appellant was driving, but rather to a Ford truck registered in Appellant's name.

The Cadillac was subsequently impounded and towed to the Erie Police Department where it was subjected to a canine sniff, which resulted in a positive indication for illegal drugs. The police officers obtained a warrant for the vehicle and a subsequent search yielded a clear plastic bag of marijuana in the glove box, and a marijuana joint and a clear plastic bag of narcotic pills in the center console.

*Commonwealth v. Ettison*, 43 A.3d 525 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 51 A.3d 837 (Pa. 2012) (internal quotation marks and citations omitted; first paragraph break added).

The relevant procedural history of this case is as follows. On January 18, 2011, a jury found Appellant guilty of fleeing or attempting to elude a police officer,[1] reckless driving,[2] failure to stop at a stop sign,[3] altering, forging or counterfeiting a certificate of title, registration card or plate, inspection certificate or proof of financial responsibility,[4] possession of a controlled substance (pills);[5] possession of a small amount of marijuana,[6] and possession of drug paraphernalia.[7] On March 9, 2011, Appellant was sentenced to 9½ to 19 months' imprisonment. We affirmed the judgment of sentence. *Commonwealth v. Ettison*, 43 A.3d 525 (Pa. Super. 2012) (unpublished memorandum).

On November 27, 2012, Appellant filed a *pro se* PCRA petition. On November 28, 2012, counsel was appointed. On December 20, 2012, counsel filed a no merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 20, 2013, counsel withdrew his

---

[1] 75 Pa.C.S.A. § 3733(a).

[2] 75 Pa.C.S.A. § 3736(a).

[3] 75 Pa.C.S.A. § 3323(b).

[4] 75 Pa.C.S.A. § 7155(a).

[5] 35 P.S. § 780-113(a)(16).

[6] 35 P.S. § 780-113(a)(31).

[7] 35 P.S. § 780-113(a)(32).

*Turner/Finley* letter. On October 4, 2013, an evidentiary hearing was conducted. On December 15, 2013, Appellant's term of parole expired. On December 20, 2013, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. The PCRA court granted the Commonwealth's motion to dismiss on January 17, 2014. This timely appeal followed.[8]

Appellant raises one issue for our consideration:

> Whether the [PCRA] court erred in granting the Commonwealth's motion to dismiss [Appellant's] PCRA [petition] based upon the contention that the Appellant's maximum sentence had then expired thereby vitiating any jurisdictional grounds?

Appellant's Brief at 2 (complete capitalization removed).

We review a PCRA court's findings of fact to determine if they are supported by the record and a PCRA court's legal conclusions *de novo*. *See* ***Commonwealth v. Charleston***, 2014 WL 2557575, *4 (Pa. Super. June 6, 2014) (citation omitted). "[A]s a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary." ***Beneficial Consumer Disc. Co. v. Vukman***, 77 A.3d 547, 550 (Pa. 2013) (citation omitted).

---

[8] On February 13, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On February 25, 2014, Appellant filed his concise statement. On April 8, 2014, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

The PCRA court determined that it lacked jurisdiction to rule on Appellant's PCRA petition because Appellant was no longer serving his sentence. The PCRA provides, in relevant part, that:

(a) **General rule**.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . .

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543(a)(1).

On appeal, "[A]ppellant does not challenge the fact that the maximum term of his sentence had expired at the time of the [PCRA] court's issuance of the order dismissing his then pending PCRA [p]etition[.]" Appellant's Brief at 5. Our independent review of the record confirms that Appellant ceased to be on parole as of December 15, 2013.[9]

Appellant instead argues that the PCRA court had jurisdiction to decide the case because he was eligible for relief at the pleading and proof stage of the proceedings, *i.e.*, when the matter was submitted to the PCRA court. Appellant avers that the trial court could have ruled on his petition sooner.

---

[9] Appellant was granted bail while his direct appeal was pending.

This argument is without merit. Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004); ***Commonwealth v. James***, 771 A.2d 33 (Pa. Super. 2001); ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997).

Our Supreme Court has previously rejected the distinction that Appellant is attempting to draw. ***See Commonwealth v. Turner***, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition). As noted in ***Turner***, Appellant had other options to expedite review of the claims raised in his PCRA petition. ***See id.*** Appellant could have sought expedited review of his PCRA petition. Instead, the record reflects that counsel delayed review of the PCRA petition by originally filing a ***Turner/Finley*** letter. Furthermore, at the PCRA hearing, counsel (incorrectly) implied that time was not of the essence because the collateral consequences of Appellant's convictions would suffice for jurisdictional purposes. ***See*** N.T., 10/4/13, at 61. Appellant also could have proceeded under ***Commonwealth v. Bomar***, 826 A.2d 831 (Pa. 2003), which permitted defendants to raise claims of

ineffective assistance of counsel on direct appeal in certain circumstnaces.[10]

Accordingly, it is irrelevant that Appellant was still on parole when the instant petition was filed or when the evidentiary hearing occurred before the PCRA court. It is well-settled under Pennsylvania law that the PCRA court lost jurisdiction the moment Appellant's term of parole expired.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/29/2014

---

[10] Although the **Bomar** exception was severely limited by our Supreme Court in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), **Bomar** was still good law at the time of Appellant's direct appeal.