J-S38027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMIT HANMANTRA DESHMUKH, | |
| Appellant | No. 3204 EDA 2015 |

Appeal from the PCRA Order October 5, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006538-2013

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.

MEMORANDUM BY OLSON, J.:                **FILED JULY 29, 2016**

Appellant, Amit Hanmantra Deshmukh, appeals from the order entered on October 5, 2015 denying his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We dismiss the appeal.

As our resolution of this case is based upon the procedural posture of this case, we focus on the relevant procedural history of this case. On March 12, 2014, Appellant was sentenced to two years' probation after pleading guilty to indecent exposure.[1] Appellant did not file a direct appeal. Thereafter, Appellant filed a PCRA petition. After an evidentiary hearing, on October 5, 2015, the PCRA court denied relief. This timely appeal followed.

---

[1] 18 Pa.C.S.A. § 3127(a).

During the pendency of this appeal, Appellant finished serving his term of probation on or about March 12, 2016.

Appellant presents one issue for our review:

Did the PCRA court commit an error of law and enter a decision inconsistent with the record when the court determined Appellant's plea was knowing, intelligent, and voluntary and plea counsel was effective in his representation?

Appellant's Brief at 4.

Prior to addressing the merits of Appellant's lone issue, we first address whether this appeal is moot. "If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot." *In re S.H.*, 71 A.3d 973, 976 (Pa. Super. 2013) (citation omitted). The PCRA provides, in relevant part, that:

(a) **General rule**.--To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence . . .

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

(ii) awaiting execution of a sentence of death for the crime; or

(iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S.A. § 9543(a)(1).

Our Supreme Court and this Court have consistently interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence

- 2 -

while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004); ***Commonwealth v. James***, 771 A.2d 33 (Pa. Super. 2001); ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997). This Court has also found that if a petitioner finishes serving his sentence while an appeal is pending, the case is moot and we may not grant relief. ***See Commonwealth v. Schmohl***, 975 A.2d 1144, 1149 (Pa. Super. 2009), *citing* ***Commonwealth v. King***, 786 A.2d 993, 996–997 (Pa. Super. 2001). Accordingly, the fact that Appellant's term of probation has expired is conclusive and it is irrelevant that the PCRA court denied relief prior to the expiration of Appellant's sentence. As such, we dismiss this appeal as moot.

Appeal dismissed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2016

- 3 -