J-S63033-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES GLEN INGRAM, JR. | : | |
| | : | |
| Appellant | : | No. 600 WDA 2018 |

Appeal from the PCRA Order April 9, 2018
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002185-2013

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                FILED NOVEMBER 30, 2018

Appellant, James Glen Ingram, Jr., appeals pro se from the order entered in the Court of Common Pleas of Blair County on April 9, 2018, which dismissed the pro se petition filed by Appellant pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  For the following reasons, we affirm.

Appellant pleaded guilty in 2013 to receiving stolen property, a felony of the third degree.[1]  On December 16, 2013, the trial court sentenced Appellant to fifteen to thirty months' incarceration, to run consecutively to any other sentence he was currently serving, along with a $100 fine.  Appellant did not file post-sentence motions or a direct appeal.

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3925.

In November 2014, Appellant filed pro se his first PCRA petition. The PCRA court appointed Paul M. Puskar, Esquire, to represent Appellant and potentially file an amended PCRA petition. Counsel did not file an amended petition; however, the PCRA court scheduled an evidentiary hearing on Appellant's pro se petition. After multiple continuances, the court eventually scheduled an evidentiary hearing for April 7, 2016. On March 31, 2016, Attorney Puskar praeciped on behalf of Appellant to withdraw the PCRA petition. As a result, no further activity occurred on Appellant's first PCRA petition, and the evidentiary hearing did not take place.

Appellant filed the instant PCRA petition pro se on February 19, 2018.[2] On March 9, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Appellant's petition without a hearing. Within the Rule 907 notice, the PCRA court noted its finding that Appellant's petition was his second under the PCRA. Appellant filed a timely response, but on April 9, 2018, the PCRA court formally dismissed Appellant's petition. Appellant filed this timely notice of appeal. Appellant filed a timely Pa.R.A.P. 1925(b) statement pursuant to the PCRA court's order, and the PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion.

Appellant raises the following claims on appeal:

_____

[2] Appellant avers in his petition that he placed the petition in the prison mailbox on February 19, 2018. The Blair County Court of Common Pleas stamped it as received on February 22, 2018. Pursuant to the prisoner-mailbox rule, we consider the petition filed on February 19, 2018. See Commonwealth v. Jones, 549 Pa. 58, 700 A.2d 423, 426 (1997).

> Whether the [PCRA] court errored (sic) when considering the 02/22/18 PCRA petition to be a second PCRA when the initial pro se PCRA petition was still pending and was not final[?] See Order dated 03/09/2018[.]
>
> Whether the [PCRA] court errored (sic) when granting appointed counsel[']s motion/praecipe to withdraw the appellant[']s pro se petition 17 days after the 02/22/18 pro se Appellant[']s PCRA petition was filed in the [PCRA] court[?]
>
> Whether the [PCRA] court errored (sic) when denying the appointment of counsel after pro se Appellant[']s claims of ineffective assistance of counsel was made in the PCRA arena[?] See Uncounseled PCRA of 02/22/18[.]

Appellant's Brief, at 4.

This Court's standard of review, when reviewing a PCRA court's dismissal of a PCRA petition, "is 'to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" Commonwealth v. Furgess, 149 A.3d 90, 93 (Pa.Super. 2016) (quoting Commonwealth v. Barndt, 74 A.3d 185, 191-92 (Pa.Super. 2018)). Initially, we must determine whether the instant PCRA petition is Appellant's first or second petition, as Appellant has proceeded pro se throughout the litigation of the instant petition. "Defendants have a general rule-based right to the assistance of counsel for their first PCRA petition[s only]." Commonwealth v. Cherry, 155 A.3d 1080, 1082 (Pa.Super. 2018) (citing Pa.R.Crim.P. 904(C)). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims,. . .so long as the petition in question is his first." Id. (quoting Commonwealth v. Powell, 787 A.2d 1017, 1019 (Pa.Super. 2001)).

- 3 -

In the case sub judice, we conclude the instant petition under review constitutes Appellant's second PCRA petition. With regard to Appellant's first PCRA petition, appointed counsel filed a praecipe to withdraw the petition. Appellant baldly suggests that such action by counsel constituted an improper attempt at withdrawing his representation, as counsel did not file a petition to withdraw pursuant to Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 297 (1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). However, Appellant has not developed his averment. Further, Appellant does not aver that he did not authorize counsel's withdrawal of the first PCRA petition.

Instead, Appellant focuses his argument on the claim that the trial court did not grant the praecipe to withdraw the initial petition until after he filed the instant PCRA petition, and therefore, he claims the instant petition constitutes an amendment of his first PCRA petition. Appellant is mistaken.

A review of the certified record reveals that the lower court stamped the praecipe to withdraw Appellant's first PCRA petition on March 31, 2016, and the certified docket entries reflect the same filing date. As the praecipe was properly accepted and docketed, Appellant's first PCRA petition was disposed of on March 31, 2016. The instant petition, which was filed on February 19, 2018, is therefore Appellant's second petition under the PCRA, and, thus, he is not entitled to appointed counsel. Cherry, supra (requiring appointment of counsel only for first PCRA petitions).

We therefore proceed to determine whether Appellant is eligible for relief under the PCRA. Initially, we observe that, in Appellant's response to the PCRA court's Rule 907 notice, Appellant noted that he is no longer serving the instant sentence.[3] It is well-settled that a PCRA petitioner must currently be "serving a sentence of imprisonment, probation or parole for the crime," or awaiting service of the disputed sentence, in order to be entitled to relief. 42 Pa.C.S.A. § 9543(a)(1)(i), (iii). As our Supreme Court has explained, as soon as his sentence is completed, a PCRA petitioner becomes ineligible for relief. Commonwealth v. Ahlborn, 548 Pa. 544, 699 A.2d 718, 720 (1997). It is the petitioner's burden to plead and prove that he is eligible for relief under the PCRA. See 42 Pa.C.S.A. § 9543(a).

In the case sub judice, Appellant does not attempt to argue that he is currently serving a sentence of imprisonment, probation, or parole for the crime; but rather, he argues that he is eligible for relief under the PCRA as he is contesting the amount of the fine imposed upon him. However, an unfulfilled payment of a fine does not constitute "currently serving" a sentence for purposes of establishing PCRA eligibility. See Commonwealth v. James, 771 A.2d 33, 35-36 (Pa.Super. 2001) (noting "the PCRA does not afford relief to petitioners whose only outstanding sentence is the payment of a fine") (citing Commonwealth v. Fisher, 703 A.2d 714, 717 (Pa.Super. 1997)).

---

[3] Appellant noted that he was serving a different sentence, imposed by a different judge. Response to Pa.R.Crim.P. 907 Notice, filed 4/9/18.

For all of the foregoing reasons, we conclude Appellant has not proven by a preponderance of the evidence that he is eligible for PCRA relief. Accordingly, we affirm the PCRA court's order dismissing his instant PCRA petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/30/2018