J-S64037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DALLAS RAY VAVRA, :
:
Appellant. : No. 3918 EDA 2017

Appeal from the Order, November 3, 2017,
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0000809-2011.

BEFORE: BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 20, 2018**

Dallas Ray Vavra appeals from the order denying his serial petition

under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2010, following a bench trial, Vavra was convicted of theft by failure

to make required disposition of funds and receiving stolen property. The trial

court sentenced him to nine to twenty-three months of incarceration. Vavra

filed a timely appeal to this Court. On August 2, 2012, we affirmed his

judgment of sentence. ***Commonwealth v. Vavra***, 60 A.3d 555 (Pa. Super.

2012) (unpublished memorandum). Vavra did not seek further review.

On December 26, 2012, Vavra filed a *pro se* PCRA petition. The PCRA

court appointed counsel, who subsequently filed an amended PCRA petition.

The PCRA court held a hearing on April 1, 2013, and the court denied the

petition on May 3, 2013. Vavra filed an appeal to this Court (No. 1668 EDA

2013). During the pendency of that appeal, on January 13, 2014, Vavra filed a subpoena for appellate counsel, who he claimed was ineffective. The court quashed the subpoena on February 4, 2014. On February 18, 2014, Vavra filed a *pro se* motion for reconsideration, which the trial court denied on February 19, 2014. On February 21, 2014, Vavra filed a notice of appeal from the order quashing his subpoena (No. 717 EDA 2014). On March 18, 2014, Vavra another notice of appeal from the order denying his motion for reconsideration (No. 924 EDA 2014).

This Court found that Vavra's appeal at No. 924 EDA 2014 was duplicative of his appeal at No. 717 EDA 2014, which involved the underlying order quashing the subpoena. On July 18, 2014 this Court had dismissed the appeal at No. 717 EDA 2014 without prejudice, because it, in turn, was duplicative of Vavra's pending appeal from the denial of his PCRA petition at No. 1668 EDA 2013. Thu, this Court dismissed the appeal at No. 924 EDA 2014. We further stated:

> [S]ince 2011, [Vavra] has filed 57 notices of appeal in five criminal cases from Monroe and Northampton counties. [Vavra] has also filed more than 126 motions resulting in this Court's Prothonotary having to file, process, and docket more than 277 [additional] documents. **Thus, we hereby prohibit [Vavra] from submitting any additional filings for relief in this case without prior permission from this Court.** We further direct the Prothonotary to assess appropriate costs against [Vavra] in connection with the instant appeal. *See* Pa.R.A.P. 2744 (stating appellate court may assess costs if it determines appeal is frivolous).

*Commonwealth v. Vavra*, 2015 WL 6957472 (Pa. Super. 2015), unpublished judgment order at 3 (footnote omitted).

On July 22, 2016, this Court affirmed the order denying Vavra's PCRA petition at No. 1668 EDA 2013. *Commonwealth v. Vavra*, 2016 WL4743874 (Pa. Super. 2016). We affirmed because "Vavra has completed his sentence and is therefore no longer eligible for PCRA relief." *See id.*, unpublished judgment order at 2-3. In addition, we noted that "Vavra has been prohibited from submitting 'any additional filing for relief' in this appeal . . . without permission from this Court. *Id.*, unpublished judgment order at 3, n.2. The Pennsylvania Supreme Court denied Vavra's petition for allowance of appeal on March 14, 2017. *Commonwealth v. Vavra*, 169 A.3d 7 (Pa. 2017).

Vavra did not heed our directives. On August 22, 2017, Vavra filed a "Motion for Habeas Corpus—Praecipe for Entry of an Adverse Order of the Court." The court denied this petition on August 31, 2017. Thereafter, Vavra filed two notices of appeal from this order (No. 3229 EDA 2017 and No. 3232 EDA 2017).

On October 30, 2017, Vavra filed "Defendant's Pro-Se Habeas Corpus—Motion to Have All of the Court' Orders and Proceedings Vacated, From the Date of July 29th, 2011 Up to and Including the Present Date; for Lack of Jurisdiction Pursuant to the Still [Pending] Appeal on Defendant's Speedy Trial

Rights."[1]  The PCRA court denied this petition on November 3, 2017.  This appeal followed (No. 3918 EDA 2017).  On December 15, 2017, the court entered an order directing Vavra to file a Concise Statement of Errors Complained of on Appeal within twenty-one days.  **See** Pa.R.A.P. 1925.  Vavra failed to timely comply with this order.  Instead, Vavra filed "Appellant's Statement Nunc Pro Tunc" on June 7, 2018.[2]

Before addressing the issues Vavra raises in this appeal, we must first determine if this appeal is properly before us.

Initially, we note that Vavra's latest filing should have been treated as a petition for post-conviction relief.  **See Commonwealth v. Descardes,** 136 A.3d 493, 503 (Pa. 2016) (explaining that, when a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review).  This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error.  The

---

[1] Vavra filed a similar motion on September 22, 2017.  There is no indication in the record that the court ruled on it.

[2] Additionally, Vavra has subsequently filed three applications for relief with this Court.  In an Order dated August 16, 2018 we denied each application and further stated: "This Court prohibits [Vavra] from submitting any additional filings for relief or notice of appeal in the Northampton Court of Common Pleas and the Prothonotary of this Court, involving trial court docket number CP-48888-CR0000809-2011, without prior permission from this Court."

PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that he meets an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii).[3] A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2). Asserted exceptions to the time restrictions for a PCRA petition must be

---

[3] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

included in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Vavra did not seek further review following our decision affirming his judgment of sentence, for PCRA purposes, his judgment of sentence became final thirty days thereafter, or on September 4, 2012.[4] ***See*** 42 Pa.C.S.A. § 9543(b)(3). Thus, for purposes of the PCRA's time bar, Vavra had to file his PCRA petition by September 4, 2013. Vavra filed his latest petition on November 3, 2017. Thus, the petition is untimely, unless Vavra satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Vavra has not acknowledged the PCRA's time bar, let alone pled or proven any exception thereto. Thus, the PCRA court lacked jurisdiction to consider the merits of Vavra's serial petition. We could affirm on this basis alone. ***See*** 42 Pa.C.S.A. § 9543(b)(3). ***See Commonwealth v. Doty***, 48 A.3d 451, 456 (Pa. Super. 2012) (explain this Court is not bound by the PCRA court's rationale, but may affirm on any basis).

Nevertheless, we echo the holding of our previous judgment order that Vavra is ineligible for post-conviction relief because he had completed serving his sentence at the above docket number. Although Vavra may still be on probation for convictions in another county, ***see*** Vavra's Reply Brief at 6, the

---

[4] This date takes into account that the thirtieth day fell on a Saturday, as well as the Labor Day holiday. ***See*** 1 Pa.C.S.A. § 1908.

J-S64037-18

PCRA specifically provides that to be eligible for relief the petitioner must be still serving a sentence for the crime for which he seeks relief. **See** 42 Pa.C.S.A. § 9543(a)(1)(i) (providing that, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he "has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for **the** crime") (emphasis added).

Contrary to Vavra's claim that he is still under supervision for payment of fees, Vavra's Reply Brief at 6, a PCRA petitioner is ineligible for post-conviction relief when the only component of his sentence outstanding is the payment of restitution, **Commonwealth v. James**, 771 A.2d 33 (Pa. Super. 2001), or when the only component outstanding is the payment of a fine. **Commonwealth v. Fisher**, 703 A.2d 714 (Pa. Super. 1997).

Moreover, we note that the Commonwealth claims that all of his appellate issues are waived on appeal because he failed to timely comply with the PCRA court's request for a Pa.R.A.P. 1925(b) statement. **See** Commonwealth's Brief at 6. We agree. **See** Pa.R.A.P. 1925(b)(3)(i); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998), *reaffirmed in* **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (establishing bright line rule that in order to preserve claims for appellate review, the appellant must comply whenever the trial court orders them to file a Pa.R.A.P. 1925(b) statement; any issues not raised in the statement are deemed waived).

- 7 -

In response, Vavra avers that the PCRA court lacked jurisdiction to enter the order requiring a Rule 1925(b) statement, as well as all previous orders, due to an "**UNADJUDICATED PRO SE** appeal" which he had filed as part of his direct appeal on July 29, 2011. Vavra's Brief at 19 (emphasis in original). This jurisdictional challenge is the essential element of most of the claims he raises on appeal. Vavra is mistaken, as no notice of appeal remains pending.

Following his conviction and sentence, Vavra filed a *pro se* notice of appeal, even though he was still represented by counsel. In Vavra's direct appeal we explained:

> Neither [Vavra] nor his counsel filed a post-sentence motion, but on July 29, 2011, [Vavra] filed a *pro se* timely notice of appeal. Although there was no certificate of service, the trial court docket entry for the notice of appeal indicates that copies were provided to [Vavra's] counsel and the Commonwealth. Criminal Docket at 6. On August 5, 2011, the court ordered a statement pursuant to Pa.R.A.P. 1925(b). Neither the order nor the docket state[s] on whom service was made, but [Vavra's] counsel complied on August 26, 2011. Although the record does not include any petitions for extension of time, the trial court stated that [Vavra] filed such *pro se* requests. The court entered two orders . . . granting [Vavra] an additional fifteen days. [Vavra] subsequently filed a *pro se* twenty-three page 1925(b) statement on October 7, 2011. Trial Ct. Op., 11/15/12, at 1.

*Vavra*, unpublished memorandum at 3-4.

This Court then noted Pennsylvania's long-standing policy which precludes "hybrid representation," that is, instances where a *pro se* appellant continues to file documents regarding his appeal, even though his counsel is filing similar items on his behalf. ***See generally***, ***Commonwealth v. Jette***,

23 A.3d 1032 (Pa. 2011). We then discussed other cases that explained that the purpose behind this prohibition was "driven primarily by the problems of competing filings from an appellant and his counsel." ***Vavra***, unpublished memorandum at 5-6 (citing ***Commonwealth v. Glacken***, 32 A.3d 750, 753 (Pa. Super. 2011). In ***Glacken***, a represented defendant filed a *pro se* notice of appeal, Rule 1925(b) statement and appellate brief with this Court, while his counsel did not file "anything." ***Glacken***, 32 A.3d at 752. Under the circumstances, we distinguished ***Jette***, and did not quash the appeal on this basis because there were no "competing filings." ***Id.***, at 753.

In Vavra's direct appeal, this Court also recognized that there were no "competing filings" between Vavra and his counsel:

> Instantly, no post-sentence motion was left outstanding by [Vavra's] *pro se* notice of appeal, counsel complied with the court's 1925(b) order, and counsel filed an appellate brief. Because there are no competing filings, by [Vavra] and his counsel, we decline to quash this appeal. ***See*** [***Glacken***, 32 A.3d at 752-53]. We do note that the trial court erred in accepting and ruling on [Vavra's] *pro se* petitions for extension of time to file a Rule 1925(b) statement. ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (holding that because defendant was represented by counsel on appeal, his *pro se* Pa.R.A.P. 1925(b) statement was a legal nullity). Nevertheless, because the counseled brief does not address any issue raised in [Vavra's] *pro se* 1925(b) statement, we need not consider the propriety of any issues presented by [Vavra] therein.

***Vavra***, unpublished memorandum at 6. We then addressed and rejected Vavra's two issues argued in his counseled brief.

As this Court noted above, Vavra's filing of a *pro se* notice of appeal, and counsel's later filing of a Rule 1925(b) statement and brief, complemented each other rather than competed against other. In other words, there was no need for counsel to file a counseled notice of appeal.[5] In addition, we note that, although Vavra claims he only filed the notice of appeal to challenge the denial of his Rule 600 motion, his *pro se* filing actually preserved his appeal of any preserved issues regarding his conviction and sentencing. This Court disposed of all issues raised on his direct appeal in the unpublished memorandum dated August 2, 2012. **See Vavra**, **supra**.

Finally, Vavra asserts that the PCRA court also lacked jurisdiction because of his two other pending appeals at this docket number. We find no merit to this claim, and note that each of these appeals have been disposed of administratively. **See Commonwealth v. Vavra**, No. 3232 EDA 2017 (dismissing appeal as duplicative); **Commonwealth v. Vavra**, No. 3229 EDA 2017 (dismissing appeal for failure to file a brief).

In sum, for all of the above reasons, we conclude that the PCRA court properly denied Vavra's latest PCRA petition. The petition was untimely. The PCRA court had jurisdiction to order the Rule 1925(b) statement, and Vavra

---

[5] Had counsel done so, the notice of appeal would have been likely quashed by this Court as duplicative. **See generally**, **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011).

did not comply. We therefore affirm the PCRA court's order denying post-conviction relief.[6]

Order affirmed.

Judge Bowes joins the Memorandum.

Judge Olson files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/18

---

[6] We remind Vavra of this Court's previous orders prohibiting him from filing additional applications for relief or notices of appeal relating to his convictions at CP-48-000809-2011. Should Vavra continue to disobey this prohibition we will not hesitate to impose additional costs on him. **See** Pa.R.A.P. 2744.