J-S40014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :          PENNSYLVANIA
                                                     :

             v.                                 :
                                                   :

LESTER JACKSON                        :
                                                     :

                     Appellant               :     No. 1547 EDA 2019

Appeal from the PCRA Order Entered April 25, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001995-2012

BEFORE:    SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:             **FILED JANUARY 12, 2021**

Appellant, Lester Jackson, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history of this matter as follows:

> On June 16, 2011, [Appellant] was arrested and charged with Robbery; two counts of violations of the Uniform Firearms Act: carrying a firearm without a license, § 6106[,] and carrying a firearm in public, § 6108; Theft-Unlawful Taking; Simple Assault, Recklessly Endangering Another Person; Conspiracy; and Receiving Stolen Property. According to the evidence adduced at trial, at approximately 10:30 p.m. on the night of the offense, the victim was walking while texting in the area of 17th and Bainbridge Streets when he bumped into [Appellant] and another man, Zakee Davis ("Davis"). As the victim began to apologize, [Appellant] pulled out a handgun, placed it to the victim's temple, and

---

[*] Retired Senior Judge assigned to the Superior Court.

demanded his personal belongings. After taking the victim's wallet, [Appellant] and Davis fled. The victim called the police and gave them a description of the two assailants-he described [Appellant] as an African American male, approximately 6 feet tall, with short hair. He told police that one man had been wearing a blue shirt and the other was wearing a red or maroon colored shirt. The police relayed this information over the radio and then drove the victim around the neighborhood in their patrol car to look for the suspects.

Approximately two blocks from the crime scene, police spotted suspicious movement in a minivan parked in an apartment complex parking lot. The seats in the minivan were reclined all the way back and two figures inside were moving around. A minute later, two men emerged and began walking toward the apartment building. A police officer approached them; when they turned around, the victim, who was still sitting in the back of the patrol car, identified them as the robbers but told police they had changed their shirts as they were now wearing white undershirts. The police then brought the men closer to the police car so the victim could see them more clearly with the assistance of the car's headlights. The victim once again confirmed that [Appellant] and Davis were the men who robbed him. From inside the minivan, police recovered a blue shirt, turned inside out and covered in sweat. The victim subsequently positively identified [Appellant] at a police lineup several months later, at the preliminary hearing, and at both of [Appellant's] trials.

In April 2013, [Appellant] appeared before this [c]ourt for a jury trial. The jury found [Appellant] not guilty on the VUFA charges but was hung with respect to the other charges. This [c]ourt declared a mistrial and ordered a new trial. On January 14, 2015, [Appellant] appeared before the Honorable William J. Mazzola for a non-jury trial. Judge Mazzola found [Appellant] guilty of Robbery. On April 30, 2015, Judge Mazzola sentenced him to 10 to 23 months county incarceration, plus 3 years reporting probation. [Appellant] was immediately paroled to house arrest with electronic monitoring. On May 7, 2015, the Commonwealth filed a Motion for Modification of Sentence. This motion was denied on July 9, 2015. [Appellant] did not file any post-sentence motions. On June 18, 2015, [Appellant] filed a Notice of Appeal to Superior Court. The Superior Court affirmed the judgment of sentence on April 12, 2016. [***Commonwealth v. Jackson***, 1889 EDA 2015, 145 A.3d 777 (Pa. Super. 2016)

(unpublished memorandum)].  On May 3, 2016, [Appellant] filed a first and timely pro se PCRA petition.

On March 12, 2018, appointed PCRA counsel Peter Levin, Esquire filed an amended petition.  On January 3, 2019, this matter was reassigned to this [c]ourt from Judge Mazzola's inventory.  On January 16, 2019, the Commonwealth filed its Motion to Dismiss.  On March 28, 2019, this [c]ourt sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907.  On April 25, 2019, this [c]ourt dismissed the petition based upon lack of merit.  On May 28, 2019, [Appellant] filed a [timely] Notice of Appeal to Superior Court.

PCRA Court Opinion, 11/15/19, at 1-3.  The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement.  The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).[1]

Appellant presents the following issues for our review:

I. Whether the PCRA court erred in finding trial counsel was not ineffective for failing to file a post-sentence motion challenging the weight of the evidence.

II. Whether the PCRA court erred in not finding trial counsel was ineffective for failing to call an expert witness.

III. Whether the PCRA court erred in denying Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Appellant's Brief at 8 (renumbered for disposition).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

---

[1]  Initially, on November 30, 2020, this panel issued an order wherein we remanded this matter to the PCRA court for a determination of whether Appellant is currently in custody for purposes of the PCRA.  On December 9, 2020, the PCRA court authored an order explaining its determination.

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before we review the issues raised by Appellant, we must first determine whether Appellant is eligible for relief under the PCRA. Thus, we must address whether Appellant satisfied the requirements of the PCRA, which are as follows:

> **(a) General rule. --** To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) **currently serving a sentence of imprisonment, probation or parole for the crime**;
> > >
> > > (ii) awaiting execution of a sentence of death for the crime; or
> > >
> > > (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.

- 4 -

42 Pa.C.S. § 9543 (emphasis added).

Our Supreme Court and this Court have consistently interpreted section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997); *Commonwealth v. Martin*, 832 A.2d 1141, 1143 (Pa. Super. 2003); *Commonwealth v. James*, 771 A.2d 33 (Pa. Super. 2001). As our Supreme Court explained in *Ahlborn*, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. *Ahlborn*, 699 A.2d at 720. To be eligible for relief a petitioner must be currently serving a sentence of imprisonment, probation or parole. *Id*. To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the statute. *Id*.

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." *Commonwealth v. Fisher*, 703 A.2d 714, 716 (Pa. Super. 1997). "As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa. Super. 2009) (citing *Ahlborn*, 699 A.2d at 720). It is well-settled under Pennsylvania law that the PCRA court loses jurisdiction the moment an appellant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence

expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Our review of the record reflects that Appellant invoked the PCRA when he filed his *pro se* PCRA petition on May 3, 2016. However, our review of the record also reveals that on April 30, 2015, Appellant was sentenced to serve a term of incarceration of ten to twenty-three months, to be served on house arrest, followed by three years of probation. As previously stated, we remanded this matter to the PCRA court for a determination of whether Appellant is currently in custody for purposes of the PCRA. Order, 11/30/20.

On December 9, 2020, the PCRA court entered an order stating that "[Appellant] is NO LONGER IN CUSTODY OR SERVING A SENTENCE OF PROBATION, said Probation having expired on or about May 7, 2020." Order, 12/9/20 (capitalization in original). Hence, the record indicates Appellant has finished serving his sentence pertinent to the conviction at issue. Therefore, Appellant cannot satisfy the requirements of the PCRA. Accordingly, Appellant is currently ineligible to seek further relief pursuant to the PCRA. 42 Pa.C.S. § 9543 (a)(1)(i); **Ahlborn**, 699 A.2d at 720; **Williams**, 977 A.2d at 1176. Accordingly, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2021