J-A19013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS S. GERVASI | : | |
| | : | |
| Appellant | : | No. 1670 MDA 2023 |

Appeal from the PCRA Order Entered October 30, 2023
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0000440-2010

BEFORE: PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED NOVEMBER 07, 2024**

Thomas S. Gervasi appeals from the order entered in the Lackawanna County Court of Common Pleas on October 30, 2023, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. The PCRA court denied Gervasi's petition, finding he is ineligible for relief because he is no longer in custody. We agree and affirm.

Due to our disposition, a detailed recitation of the factual and procedural history is unnecessary. Briefly, Gervasi was charged with numerous counts of arson and related charges in relation to a fire at 1021 Mark Avenue in Scranton, Pennsylvania on June 17, 2008.

---

[*] Former Justice specially assigned to the Superior Court.

Following an eight-day jury trial, Gervasi was found guilty of six counts of arson−endangering persons, one count of arson−endangering property, two counts of arson−recklessly burning or exploding, one count of insurance fraud, and four counts of criminal mischief.

On March 16, 2012, the trial court imposed an aggregate sentence of 5 to 10 years' incarceration, followed by one year of probation, and restitution in the amount of $130,887.38. We affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court subsequently denied allowance of appeal. *See Commonwealth v. Gervasi*, 1533 MDA 2012 (Pa. Super., filed July 8, 2013) (unpublished memorandum), *appeal denied*, 84 A.3d 1062 (Pa. 2013).

On July 28, 2014, Gervasi timely filed a *pro se* first PCRA petition. Counsel was appointed and filed an amended petition. Following an evidentiary hearing, the PCRA court denied the petition. We affirmed the denial on appeal, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Gervasi*, 821 MDA 2016 (Pa. Super., filed Feb. 14, 2017) (unpublished memorandum), *appeal denied*, 170 A.3d 980 (Pa. 2017). Gervasi subsequently filed a petition for writ of habeas corpus with the United States District Court for the Middle District of Pennsylvania, as well as an application for certificate of appealability with the Third Circuit Court of Appeals, both of which were denied.

On September 22, 2023, Gervasi filed the instant *pro* se PCRA petition. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, on the basis that Gervasi was no longer in custody. After consideration of Gervasi's response to the Rule 907 notice, the PCRA court denied the petition. This timely appeal followed.

As noted, the PCRA court found Gervasi was not eligible for PCRA relief because he was no longer serving his sentence. We agree.

To be eligible for post-conviction relief,

the petitioner must plead and prove by a preponderance of the evidence all of the following:

(1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:

(i) currently serving a sentence of imprisonment, probation or parole for the crime;

42 Pa.C.S.A. § 9543(a)(l)(i).

Gervasi is ineligible for PCRA relief. The PCRA clearly states an appellant not currently incarcerated or on probation or parole with regard to the sentence for which PCRA relief is requested cannot establish eligibility for PCRA relief. ***See id***. Our Supreme Court has upheld this requirement even where the petitioner initially filed the petition while still serving a sentence. ***See Commonwealth v. Ahlborn***, 699 A.2d 718 (Pa. 1997) (PCRA petitioner who had completed his prison sentence prior to any final adjudication of his PCRA petition, even though he initially filed the petition while still incarcerated, was ineligible for PCRA relief). The statute and our case law both "clearly

contemplate[] that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." *Id.* at 720.

Gervasi was sentenced to 5 to 10 years' incarceration, plus one year of probation on March 16, 2012. Gervasi's incarceration term therefore would have ended in 2022 at the latest, with his probation ending in 2023. Accordingly, Gervasi has completed serving the sentence on the crimes for which he seeks relief.

In his response to the Rule 907 notice, Gervasi argued that his outstanding restitution order makes him eligible for PCRA relief, because he is in "custody" of the state as "he is subjected to a payment plan for restitution which carries him into his 90's." Response to Notice of Intent to Dismiss, 10/16/23, at ¶ 2. Notably, Gervasi does not raise or renew this argument on appeal. In any event, it is well settled that restitution does not make a petitioner eligible for relief under the PCRA. **See Commonwealth v. James**, 771 A.2d 33, 36 (Pa. Super. 2001) ("the monitoring of appellant's restitution payments does not make him eligible for relief under the PCRA."). Under the clear language of the PCRA, the petitioner must prove that he is "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). Restitution is not included. Here, Gervasi is not currently serving a sentence of imprisonment, probation or parole.

We are constrained to find Gervasi has failed to meet the requirements of eligibility for relief under the PCRA. **See** 42 Pa.C.S.A § 9543(a)(1); **see**

*also Ahlborn*, 699 A.2d at 720. Accordingly, we find the PCRA court correctly dismissed the petition on that basis and affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/07/2024